**INLAND WATERWAY DEVELOPMENT COMPANY, a corporation, et al v. CITY OF JACKSONVILLE, a Municipal corporation.**

37 So. (2nd) 333                                        June Term, 1948
October 29, 1948                                        Special Division A
Rehearing filed

*William D. Jones, Jr.,* for Inland Waterway Development Company, and *George E. Turner* and *James R. Boyd, Jr.,* for Jacksonville Baseball Exhibition Company, appellants,

*W. M. Madison* and *Inman Crutchfield,* for appellee.

SEBRING, J.:

The appellant, Inland Waterways Development Company, has filed in this Court a suggestion that an appeal taken by it from an adverse judgment rendered in an eminent domain proceeding has become moot and should be dismissed because of the failure of the plaintiff in the proceeding to pay into the registry of the court below, within ten days after the rendition of the judgment, the full compensation awarded by the jury for the property sought to be appropriated.

The City of Jacksonville, a municipal corporation, instituted a proceeding under its power of eminent domain against Inland Waterway Development Company for the purpose of acquiring the fee simple title to a tract of land in which Jacksonville Baseball Exhibition Company claimed a subsidiary interest.   On June 18, 1948, a jury impaneled pursuant to section 73.10 Florida Statutes, 1941, F.S.A. "to try what compensation shall be made to the defendants for the property sought to be appropriated," returned a verdict "that the compensation to be made for the taking of the property above described is the sum of $165,000.00 together with the sum of $10,000.00 as a reasonable attorney's fee for the defendant's attorney."   On the same day the trial court rendered its judgment that the tract of land involved in the proceeding "be and the same is hereby appropriated to and vested in the petitioner, City of Jacksonville, a municipal corporation, upon the petitioner paying or securing by a deposit of money the total compensation found by the above verdict of the jury and also costs herein taxed at $_____ . . . to be paid into this Court within ten days after rendition of this judgment," and that "the compensation to be made for the taking of the property above described is the sum of $165,000.00; together with the sum of $10,000.00 as a reasonable attorney's fee for the Defendant's attorney."

Within ten days after the rendition of the judgment the City of Jacksonville paid into the registry of the trial court the said sum of $175,000 directed to be paid as a condition precedent to the acquisition of the property.   However, it did not pay to the clerk of the court within said ten-day period certain commissions in the amount of $887.50 which it is claimed accrued to the clerk subsequent to the rendition of the judgment and to which he became entitled under section 28.24 Florida Statutes 1941, F.S.A. for receiving and paying out the compensation and attorney's fee awarded by the jury.

The appellant contends that inasmuch as the applicable statutes require the payment of all costs by the petitioner in an eminent domain proceeding and inasmuch as the petitioner

below failed to pay within the ten-day period fixed by statutes for compliance with the judgment the commissions accruing to the clerk for receiving and paying out the compensation awarded by the jury, but paid only the sum of $175,000 from which the clerk became entitled to withhold or deduct his commissions before paying over the remainder to the defendant, there had not been a deposit with the clerk of the full compensation awarded by the jury and hence the appeal had become moot because based upon a judgment that had become null and void by reason of a default in payment. Compare Florida Cent. & P. R. Co. v. Bear, 43 Fla. 319, 31 So. 287.

The pertinent portions of the statutes governing payment of compensation and costs in eminent domain proceedings provide as follows: "The verdict of the jury shall state: First, an accurate description of the property taken; second, the compensation to be made therefor, including a reasonable attorney's fee for the defendant's attorney . . . " Sec. 73.11 Florida Statutes 1941, F.S.A. "The judgment shall recite the verdict in full and shall be that the property therein described be appropriated to the petitioner in fee simple. . . . upon the petitioner paying or securing by deposit of money the compensation found by the verdict of the jury . . . " Sec. 73.12 Florida Statutes 1941, F.S.A. "The petitioner, within ten days after the rendition of the judgment, shall pay into the court for the use of the defendant the compensation ascertained by the jury, or else the proceedings shall be null and void, unless, for good cause, further time, not exceeding thirty days, be allowed by the court . . . " Sec. 73.13 Florida Statutes, 1941, F.S.A. "All costs of proceedings shall be paid by the petitioner . . . except the costs upon the appeal taken by a defendant, in which the judgment of the circuit court shall be affirmed." Sec. 73.16 Florida Statutes 1941, F.S.A. "The compensation of the clerk of the Circuit court, as clerk or recorder, shall be entirely by fees and, unless otherwise provided, shall be as follows: . . . moneys, receiving into registry, and paying out first $500.00, per cent 1. Each subsequent $100.00, per cent ½." Sec. 28.24 Florida Statutes 1941, F.S.A.

We cannot agree with the contention that the appeal should be dismissed on the ground stated. Though section 73.16, supra, does require that all costs, except certain appeal costs, shall be paid by a petitioner in a condemnation proceeding (which section is doubtless broad enough to include commission according to the clerk subsequent to judgment for receiving and paying out the compensation awarded by the jury) section 73.13, supra, which deals with the proposition of paying the jury award into the registry of the court, contains no requirement that costs be paid within the ten-day period in order to prevent the proceedings from becoming null and void.

While it would have been quite proper for the trial court to have included in its judgment the exact amount of costs which had accrued up to the date of the rendition of the judgment with a provision requiring that said costs and such other costs as might accrue subsequent to judgment should be paid by the petitioner within ten days after rendition of the judgment as a condition precedent to appropriating the property, the trial judge did not do so but instead taxed the cost at $_____." No objection was made by the defendant in the court below, within the ten-day period, that costs had not been computed and taxed by the trial court in its judgment. No showing is made by the defendant that any request for payment of his commission has been made by the clerk, or that he has refused to pay the entire amount of the award over to the defendant without the deduction of commissions.

While statutes giving the rights to appropriate private property for public use are to be construed strictly, a substantial compliance with their provisions is held to be sufficient. See Florida Cent. P. R. Co. v. Bear, 43 Fla. 319 31 So. 287; Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488; Seaboard All-Florida Ry. v. Leavitt, 105 Fla. 600, 141 So. 886. The judgment entered by the trial court was framed exactly as required by section 73.12, supra. The defendant made no objection to the judgment as entered. The petitioner conformed to the judgment entered by the trial court to the very letter of its terms by paying into the registry of the court the sum of $175,000. Under the circumstances it is our

view that the defendant has waived its rights, if any it had, to insist that the non-payment of clerk's commissions rendered the proceedings in the court below null and void; consequently, the motion to dismiss the appeal should be denied.

It is so ordered.

TERRELL, Acting Chief Justice, CHAPMAN and BARNS, JJ., concur.