139 So.2d 135 (1962)
STATE ex rel. Richard W. ERVIN, Attorney General, Relator,
v.
JACKSONVILLE EXPRESSWAY AUTHORITY, a Body Politic and Corporate and Agency of the State of Florida, and Roger L. Main, Fletcher Morgan, Frederick H. Schultz, Walter C. Cowart, and Ralph Powers, As and Constituting the Governing Body of Said Authority, Respondent.
No. 31373.
Supreme Court of Florida.
March 21, 1962.
*136 Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for relator.
William D. Jones, Jr., and David W. Foerster of Jones & Foerster, Jacksonville, for respondent.
THORNAL, Justice.
The Attorney General has filed an original information in quo warranto to test the power of the respondent Jacksonville Expressway Authority to condemn certain types of easements.
We must decide whether the respondent has the power to condemn an easement through the air for the construction of elevated sections of the Jacksonville Expressway System.
*137 On September 13, 1961, the Jacksonville Expressway Authority adopted a resolution announcing its intention to condemn perpetual easements in the air space above the surface of any public or private property lying within the area of any proposed right-of-way of the present or future Jacksonville Expressway system. The Honorable Richard W. Ervin, as Attorney General of Florida, filed in this Court an original information in quo warranto questioning the power of the respondent to condemn such easements. The relator seeks to oust the Authority from the allegedly unlawful exercise of such power. The respondent has filed a motion to dismiss the information. The parties agree that the matter may and can be decided upon the information and motion to dismiss. A question of law only is presented.
The relator contends that the authorizing statute requires respondent to acquire all property in fee simple. The respondent contends that the statute authorizes acquisition of easements when appropriate to the accomplishment of its statutory powers.
Jurisdiction to entertain an original proceeding in quo warranto stems from Article V, Section 4, Florida Constitution, F.S.A. By Section 349.03, Florida Statutes, F.S.A., the respondent is created and established as "a body politic and corporate and agency of the state * * *." It is a proper function of the Attorney General, in the interest of the public, to test the exercise, or threatened exercise, of power by such a corporate state agency through the process of a quo warranto proceeding. State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929; State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225.
Chapter 349, Florida Statutes, F.S.A., creates the Jacksonville Expressway Authority and defines its powers, functions, and duties. Section 349.04(2) (c) describes, generally, the power to acquire property in the following language:
"(2) The authority is hereby granted, and shall have and may exercise all powers necessary, appurtenant, convenient or incidental to the carrying out of the aforesaid purposes, including, but without being limited to, the following rights and powers:
* * * * * *
"(c) To acquire, purchase, hold, lease as lessee and use any franchise, property, real, personal or mixed, tangible or intangible, or any interest therein, necessary or desirable for carrying out the purposes of the authority, and to sell, lease as lessor, transfer and dispose of any property or interest therein at any time acquired by it." [Emphasis added].
Section 349.10, Florida Statutes, F.S.A., contains more specific authorization for acquisition of property in the following language:
"(1) For the purposes of this law the Jacksonville expressway authority may acquire private or public property and property rights, including rights of access, air, view, and light, by gift, devise, purchase, or condemnation by eminent domain proceedings, as the authority may deem necessary for any of the purposes of this chapter. The right of eminent domain herein conferred shall be exercised by the authority in the manner provided by law.
"(2) All property rights acquired under the provisions of this law shall be in fee simple." [Emphasis supplied].
Statutes granting to a public agency the power to appropriate private property for public purposes should be strictly construed. Inland Waterways Development Company v. Jacksonville, 160 *138 Fla. 913, 37 So.2d 333. In applying this rule we have held that a condemning authority should be limited to taking only such property as is needed for the public use involved. While the condemning authority has a broad discretion regarding the nature and extent of the taking, nevertheless, the necessity for condemning particular property for a particular purpose is ultimately a judicial question. Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488; Sibley v. Volusia County, 147 Fla. 256, 2 So.2d 578.
In the absence of an expressed statutory requirement, a condemning authority may exercise its discretion as to the quality and quantum of estate needed to meet the needs of the public purpose involved. When, however, the Legislature stipulates the extent of the interest in land which must be acquired, then both the condemnor and this Court are bound to recognize the legislative prescription. In construing Section 338.04, Florida Statutes, F.S.A., a part of the Limited Access Facilities Act, we have held that when the State Road Department desires to construct a limited access highway upon the surface of the land, it must acquire the fee simple title to the land. The provisions of Section 338.04, supra, are identical with the provisions of Section 349.10, supra, governing the respondent authority here. Florida State Turnpike Authority v. Anhoco Corp., Fla., 116 So.2d 8. Relator contends that under Section 349.10 (2), supra, requiring that all property rights acquired under the law shall be in fee simple, it is mandatory that the respondent authority here acquire nothing less than the fee simple title to land. Respondent asserts the power to acquire an easement through the air when this more limited estate will adequately serve the public purpose.
By stipulating that property rights be acquired in fee simple, the Legislature obviously intended to prescribe the requirement only in those situations where it is contemplated that the land itself, as distinguished from an appurtenance, is needed for the public use. Florida Turnpike Authority v. Anhoco Corp., supra. A title in fee simple is the highest quality of estate in land known to law. However, the description applies only to an estate in land itself, as distinguished from an appurtenance or easement or other incorporeal interest. State Roads Commission v. Johnson, 222 Md. 493, 161 A.2d 444. Historically, the term "fee simple" isn't applicable to describe a quality of title to an easement.
By Sections 349.04(2) (c) and 349.10(1) the respondent Expressway Authority is granted the power to acquire property both real, personal and mixed "or any interest therein." It is also granted the power to acquire rights of "access, air, view and light." It seems clear that the Legislature contemplated that when "necessary or desirable for carrying out the purposes" of the act the respondent should have the power to acquire by condemnation or otherwise, easements and interests less than a fee, except in those instances where it is necessary to use the land itself. In the latter situation the condemning authority is expressly required to acquire the title in fee simple. This construction of the statute recognizes each provision of the act in question and accords to each its logical and generally accepted meaning. Any different construction would require either that we disregard the Legislature's clear mandate or else accord to the words used an unusual or strained meaning contrary to established rules of statutory construction. State Dept. of Public Welfare v. Bland, Fla., 66 So.2d 59; Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152; Latham v. Hawkins, 121 Fla. 324, 163 So. 709.
We hold, therefore, that the respondent Expressway Authority has the statutory power to acquire by condemnation or otherwise, easements through the air in perpetuity provided they are found to *139 be adequate and necessary to accomplish the purposes authorized by the expressway statutes.
As a precaution and in the nature of a caveat, we point out that the matter of the measure of damages to be paid to a property owner for an easement through the air above his property has not been raised and, therefore, has not been considered by us in this litigation. It is sufficient at this point to observe that in authorizing the acquisition of such an easement the Legislature certainly has done so with the intention that the property owner must be paid full compensation for any property, including easements, which is taken for the public use. Article XVI, Section 29 and Section 12, Declaration of Rights, Florida Constitution.
The motion to dismiss the information is granted.
It is so ordered.
ROBERTS, C.J., DREW and O'CONNELL, JJ., and McCORD, Circuit Judge, concur.