228 So.2d 109 (1969)
CITY OF MIAMI BEACH, a Municipal Corporation, Appellant,
v.
A.J. CUMMINGS and Sadie Belk Cummings, His Wife, et al., Appellees.
Nos. 69-143, 69-145.
District Court of Appeal of Florida. Third District.
November 4, 1969.
Rehearing Denied December 8, 1969.
*110 Joseph A. Wanick, City Atty., for appellant.
Irving Cypen, Miami Beach, Kelly, Black, Black & Kenny, Horton & Schwartz, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
HENDRY, Judge.
These cases have been consolidated for appellate purposes. They have arisen because of the trial court's award of various fees and costs incurred as the result of a condemnation proceeding. The appellant, City of Miami Beach, initially instituted condemnation proceedings against twenty-seven parcels. Thereafter, the attorneys procured an order of the court severing five vacant parcels from the seven improved parcels of property and proceeded to trial on the vacant parcels alone.
The City had originally offered the owners of the vacant parcels a total of $450,400. This was subsequently raised in a $466,200 offer for gross settlement, i.e., including attorneys' fees, appraisal costs, and other expenses pertinent to the case. After completion of the five day trial, the jury returned its verdict and judgment in the total amount of $663,840 as the amount to be paid to the owners of the property involved therein.
At the conclusion of the trial proceedings, the owners filed a motion to assess attorneys' fees and a motion to tax costs which were scheduled for hearing in December, 1968. Thereafter, the City filed various pleadings in this court in an attempt to prohibit that hearing; however, all such applications and suggestions were denied.
The hearing was held on January 27, 1969, wherein the court entered the two orders being appealed herein. The appellant's first point on appeal contends that the court erred when it assessed attorneys' fees in the amount of $65,000. It is the appellant's contention that this amount is grossly excessive and should shock the judicial conscience. The City's ground for this contention is that the expert testimony offered to support the $65,000 attorney fee was nebulous and unimpressive; moreover, that the amount is not a "customary charge for like services," City of Miami Beach v. Belle Isle Apartment Corp., Fla.App. 1966, 177 So.2d 884.
The factors to be taken into consideration by the trial judge in exercising his judicial discretion in the award of reasonable attorney fees were discussed in Folmar v. Davis, Fla.App. 1959, 108 So.2d 772, wherein the court stated:
"The determination of the amount of the recovery was largely in the discretion of the trier of facts taking into consideration the service performed, the responsibility incurred, the nature of the service, the skill and time required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the importance *111 and results of the litigation. Also in estimating the value of an attorney's services his skill, experience, professional reputation, and even his amount of business may be taken into consideration."
As applied to the instant facts at bar, the above principles require the appellant to demonstrate that the court's award of reasonable attorney fees was clearly erroneous for reversal. We have closely scrutinized the record, and have determined that the City has failed to carry this burden.
The case of Provus v. Provus, Fla. 1950, 44 So.2d 656, is cited as a leading case containing the applicable principles of law governing the issue of award of reasonable attorney fees. The court there stated:
"Under our adjudications some of the elements usually considered are: services rendered, responsibility incurred, the nature of the services, the skill required, the circumstances under which it was rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. * * * It is our view and conclusion that the appellant has failed to show an abuse of discretion with respect to the allowance of the attorneys fee."
See also Code of Ethics, Canon 12, 32 F.S.A., p. 612.
Examining the specific items enumerated by the above authorities, we initially note that the verdict of the jury was $213,440 in excess of the first offer that the City had originally made to the litigants before they employed the services of attorneys.
Next, it appears from the record that this case was exceptionally difficult to try before a jury because of the issues involved, particularly that of the probability of rezoning and the effect that such probable rezoning would have had on the fair market value of the property. Testimony was also adduced which tended to show that a minimum of seven hundred and fifty hours was spent in preparation and trial by counsel. This figure does not include additional time spent for other matters which pertain to the instant law suit, such as post trial motions and hearings held on the City's suggestion of disqualification of the trial judge. The testimony of the experts at the hearing on attorney's fees ranges from a low estimate of $44,000, to a high estimate of 15% of the verdict, or $99,576. In examining these factors, we note the statement by the Supreme Court in the case of Florida East Coast Railway Company v. Martin County, Fla. 1965, 171 So.2d 873, "Although testimony with reference to reasonable attorney fees may and in most cases should be heard and considered it is not binding upon the court particularly in a case wherein the judge who fixes the fees presided throughout the entire proceeding in the nisi prius court. He is usually in a better position than are the lawyers who testify as expert witnesses to know the amount of work necessarily done and the complexities of the legal problems involved." Id. at 883. Thus, the trial court had before it, in addition to its personal observations of the case, competent and substantial expert valuations as to reasonable attorneys' fees, and the ultimate award of $65,000 was within the ambit of such estimates.
The appellants have also questioned the reasonableness of the costs which were taxed against them. We do not find error in the order taxing such costs. See Dade County v. Brigham, Fla. 1950, 47 So.2d 602, 18 A.L.R.2d 1221.
Therefore, based on the above principles and authorities, the orders being appealed are hereby affirmed.
Affirmed.