HENDRY, Judge.
Appellant city instituted condemnation proceedings against certain properties owned by the numerous appellees herein. This appeal pertains to the trial judge’s order taxing costs and awarding attorneys’ fees. Other such costs and fees arising out of this same litigation have been reviewed by this court earlier in the case of City of Miami Beach v. Cummings, Fla.App.1969, 228 So.2d 109.
It is the appellant’s contention that the court exceeded its judicial discretion and entered attorneys’ fees which should shock the judicial conscience.[1] We find that the record contains numerous affidavits filed on behalf of the attorneys who received their fees by court award in this case. Moreover, strong authority exists which reiterates the general rule stated in Florida East Cost Railway Company v. Martin County, Fla.1965, 171 So.2d 873, 883:
“Although testimony with reference to reasonable attorney fees may'and in most cases should be heard and"considered it is not binding upon the court particularly in the case wherein the judge who fixes the fees presided throughout the entire proceeding in the nisi prius court. He is usually in a better position than are the lawyers who testify as expert witnesses to know the amount of work necessarily done and the complexities of the legal problems involved. We find no reason to disturb the * * ' * attorney fees. Indeed, had it not been for the affirmative defenses unsuccessfully urged by the appellant this suit would have been an ordinary and usual eminent domain proceeding.”
*759 As in the above cited passage from the Martin County case, supra, we also find that this particular condemnation proceeding was exceptionally complex and difficult to try because of certain questions relating to the probability of rezoning, and the effect on the property value that such probability might have in the future.
In our earlier decision at 228 So.2d 109, we have set forth the leading authorities which delineate the specific factors to be considered in reviewing a challenged award of attorneys’ fees. We find that the same principles of law govern the instant situation and thereby affirm the court’s award of attorneys’ fees and the costs taxed against the condemning authority.
Affirmed.

. Appellees Cummings received a final offer from the city for their property of $150,000; the jury verdict was $247,-500. Their counsel received $29,750. Appellees Gerson and Clements were represented by the same counsel. The total high appraisal of their two properties was $141,500; the verdict awarded for those properties was $232,500. Counsel representing these two parties received $28,-250. Appellees Buckley and King, (who are co-executors of the estate of a deceased owner of one of the properties) received a high offer of $100,600; verdict on the property was $240,000. Counsel for this party received $29,000 fee. Appellees Wolland received a high offer of $94,900; the verdict awarded on their property was $150,000. Their counsel received $20,000 in fees.