SWANN, Judge.
The City of Miami Beach appeals from a summary final judgment for the appel-lees (defendants below).
On April 17, 1968, the Miami Beach City Council adopted a resolution which provided that the council found it necessary to acquire fee simple title to certain real property in Miami Beach for street and highway purposes.
The legal description in the resolution encompassed most of Lot One, of the “Manilow property.” See Manilow v. City of Miami Beach, Fla.App.1968, 213 So.2d 589; affirmed in City of Miami Beach v. Manilow, Fla.1969, 226 So.2d 805. The lot in question is located at the northeast corner of the intersection of Arthur Godfrey Road and Pinetree Drive in Miami Beach, Florida.
Later, the city filed its petition in eminent domain proceedings to take Lot One. The sworn petition stated in Paragraph Four:
% ifi. :{< j{c ‡ s{i
“The petitioner, CITY OF MIAMI BEACH, represents that it has surveyed and located its line and areas of construction and intends in good faith to construct the above described streets and highways on and over the above described property.”
* * * * * *
The defendants filed a Motion to Dismiss the petition and their sworn answer denying, inter alia, the allegations of Paragraph Four. After numerous depositions and affidavits were taken and filed together with various exhibits and evidence, the defendants moved for a summary final judgment. The trial court entered a summary final judgment for the defendants and the city has appealed.
The record on appeal reflects that the city has never “surveyed and located its line or area of construction over the described property” as alleged in the petition.
§ 73.021(5), Fla.Stat, F.S.A., requires that a petition for condemnation shall set forth:
# ‡ * 5ji
“A statement that the petitioner has surveyed and located its line or area of construction, and intends in good faith to construct the project on or over the described property.”
iji * i{i ‡ iji
In 12 Fla.Jur. Eminent Domain, § 122, it is stated:
* * * * * *
“ * * * The essential allegations required by the statute are in the nature of jurisdictional conditions precedent to the exercise of the power of eminent domain under such statute. The petition should also show that the conditions precedent to the condemnation proceedings have been performed; these allegations are material.”
See Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488 (1929).
While it may not be necessary for the city to have money on hand, plans and specifications prepared and all other preparations necessary for immediate construction before it can determine the necessity for taking private property for a public purpose, it appears that the city must have acted in accordance with the requirements of the statute. Cf. Carlor Co. v. City of Miami, Fla.1953, 62 So.2d 897.
The record on appeal establishes that the alleged street or highway purpose is for the “Arthur Godfrey Road Loop System” proposed by the City of Miami Beach De *761 velopment Commission. The proposed “Arthur Godfrey Road Loop System” alters Arthur Godfrey Road and reroutes traffic on a pair of one-way streets around four blocks of Arthur Godfrey Road which will be landscaped and used for parking or a pedestrian mall. Arthur Godfrey Road is also State Primary Road #112 and it was shown that no approval or action of any sort on the part of the State Road Department of the State of Florida has been obtained with respect to the “Arthur God-frey Road Loop System.”
While a city in Florida has statutory authority to regulate and open streets, it has no such authority in regard to any designated state road without the concurrence of the State Road Department. §§ 167.01 and 167.09, Fla.Stat., F.S.A. Such concurrence has never been obtained by the City from the State Road Department insofar as this State Primary Road was concerned.
Generally, the provisions of the authorizing law in eminent domain cases must be strictly construed and substantially complied with. Inland Waterway Development Co. v. City of Jacksonville, 160 Fla. 913, 37 So.2d 333 (1948).
In Webb v. Hill, Fla.1954, 75 So.2d 596, the Supreme Court stated :

“The boards of municipalities and counties of the state are vested with no authority, duty or discretion with reference to the location, designation and construction of the state roads comprising the state highway system. They may argue, take sides, protest, or attempt to persuade or use influence for the special benefit of their property or municipality, but they have no lawful authority. The authority to exercise discretion and make decisions is vested in the State Road Department by the Legislature.”

“ * * * Practically every community in the State is interested in some particular road which would benefit that community. There is constant competition and argument between these communities. The discretion to determine these matters with reference to state roads is not vested in the citizens or the officials of any particular community but is vested in the members of the State Road Department.” (Emphasis supplied)
Under these circumstances, we find the city failed to meet the legal requirements necessary in order to condemn this lot and the summary final judgment must be affirmed.
The city also seeks to review that part of the final judgment which reserved jurisdiction to award attorneys’ fees and court costs upon appropriate motion.
This argument is premature since no award of fees or costs have been entered by the trial court.
The summary final judgment is
Affirmed.