PEARSON, Chief Judge.
These appeals by the City of Miami Beach are from judgments each of which awarded attorney’s fees to a landowner after the dismissal of proceedings in eminent domain. The city brought a suit to take the appellees’ property, but because the awards were higher than the city’s available money the city abandoned the proceeding. See City of Miami Beach v. Cummings, Fla.App.1969, 228 So.2d 109, where an award of attorney’s fees in that suit was affirmed.
Later the city brought the present suit to condemn the same land for the same purpose. The second suit was dismissed upon the motion of the appellees. Thereafter appellees sought a judgment for their attorney’s fees as costs. See Section 73.091, Fla.Stat.[1] F.S.A. The trial court took testimony and entered the judgments which are now appealed from.
Appellant’s first point urges that attorney’s fees are not properly assessed against the condemning authority when the suit is dismissed at the instance of the defendants. The city recognizes that under the law of this state attorney’s fees may be allowed when the condemning authority dismisses its own suit. See City of Hallandale v. Chatlos, Fla.1970, 236 So.2d 761, and cases cited therein.
There is no authority for appellant’s proposition that a suit in eminent domain dismissed at the defendant’s motion should be treated differently from a suit dismissed at the instance of a condemning authority. Such a holding would penalize a defendant for advancing a defense to which he is legally entitled and would therefore not be in accordance with due process. Cf. State ex rel. Paoli v. Baldwin, 159 Fla. 165, 31 So.2d 627, 630 (1947).
Appellant’s point urging that the amounts awarded as attorney’s fees were so large as to demonstrate an abuse of discretion by the trial judge must fail. The awards were proper because they were within the limits testified to by expert witnesses. City of Miami Beach v. Cummings, Fla.App.1969, 228 So.2d 109.
Affirmed.

. Section “73.091 Costs of the Proceedings. — The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney’s fee to be assessed by that court.”