253 So.2d 910 (1971)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
Nathan MANILOW and Marian Manilow, His Wife, Appellees.
Nos. 71-483, 71-507.
District Court of Appeal of Florida, Third District.
October 26, 1971.
Rehearing Denied November 22, 1971.
*911 Joseph A. Wanick, City Atty., for appellant.
Brigham & Brigham and Sidney Berger, Miami, for appellees.
Before SWANN, C.J., and HENDRY and BARKDULL, JJ.
HENDRY, Judge.
The City of Miami Beach seeks review of a judgment for costs and attorney's fees entered pursuant to a motion of the appellees. It was alleged by appellees that the attorney's fees and expert witness fee were necessarily incurred by them in the defense of an eminent domain proceeding. This is an interlocutory appeal.
The judgment appealed awarded as costs: $1,500.00 as an expert witness fee to an appraiser, $50,000.00 as reasonable attorney's fees for services in the circuit court, and $1,500.00 additional for services in the Supreme Court of Florida. (Fees had been awarded for services in this court, and the factors involved in such fee necessarily did not enter into the computations for the fees awarded by the trial court.) We affirm.
The condemnation case was concluded by a summary judgment favorable to appellees, and was affirmed on appeal, City of Miami Beach v. Manilow, Fla.App. 1970, 232 So.2d 759, cert. den. Fla. 1970, 238 So.2d 427. This appeal, arising out of a post-judgment proceeding in the condemnation action, is another in the series of related cases involving the same property. The zoning cases are: Manilow v. City of Miami Beach, Fla.App. 1968, 213 So.2d 589, aff'd City of Miami Beach v. Manilow, Fla. 1969, 226 So.2d 805, cert. den. 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266 (1970).
The appellant, for reversal, has presented the following seven points, that the court erred in: (1) awarding attorney's fees where there was no proof of any legal obligation on the part of the landowners to the attorneys; (2) awarding excessive fees; (3) taking into consideration the alleged value of the land involved; (4) taking into account the time expended by the attorneys in defeating two bond elections held by the city to finance the condemnation; (5) awarding fees for services in the Supreme Court; (6) refusing to take into consideration that the attorneys failed to keep time records but utilizing time expended as an element of the award; (7) awarding the expert witness fee.
We will briefly dispose of those points which have least merit, and then treat those points warranting a more extended discussion. Points (1) and (5) are refuted in the record. The answer, supplemental motion, and testimony indicated that the Manilows were legally obligated to pay their attorneys. The Supreme Court order as to fees read: "It is further ordered that the respondent's motion for allowance of attorney's fees, be and the same is hereby denied without prejudice to apply for fees below." See § 73.131(2), Fla. Stat. 1969, F.S.A. and Florida Appellate Rule 3.16, subd. e, 32 F.S.A. As to point (4), on the record herein, appellant has failed to demonstrate reversible error.
Appellant's points (2) and (3) concerning excessiveness of the fees are discussed together. To begin with, the court may award reasonable attorney's fees in eminent domain cases involving dismissal before trial. City of Hallandale v. Chatlos, Fla. 1970, 236 So.2d 761 and City of Miami Beach v. Cummings, Fla.App. 1970, 239 So.2d 501; § 73.091, Fla. Stat. 1969, F.S.A.; cf. § 73.131(2), Fla. Stat. 1969, F.S.A. Next, the trial court could consider the value of the property as an element in the computation of reasonable attorney's fees. City of Miami Beach v. Cummings, Fla.App. 1969, 228 So.2d 109; Folmar v. Davis, Fla.App. 1969, 108 So.2d 772; Greenfield Villages v. Thompson, Fla. 1950, 44 So.2d 679; former Canon 12, Code of Ethics, 32 F.S.A., p. 612; Code of Professional Responsibility, DR 2-106(B), 32 F.S.A. (1971-72 suppl.); cf. Fekany v. *912 State Road Department, Fla.App. 1959, 115 So.2d 418 and Romy v. Dade County, Fla. App. 1959, 114 So.2d 8. Moreover, the trial court was authorized, under the circumstances of a termination of the case before trial, to take expert testimony as to the value of the property involved for the purposes of establishing the reasonable attorney's fees to be assessed. § 73.091, Fla. Stat. 1969, F.S.A.; Fla. Const. (1968), Art. X, § 6(a), F.S.A. and Fla. Const. (1885), Declaration of Rights, § 12, 25 F.S.A. Here the City introduced no witnesses as to the amount involved, and only one appraiser testified for the Manilows. The amount of one of the proposed city bond issues of $1.2 million is contained in the record; it may be compared with the $900,000.00 valuation set by the Manilow's appraiser.
As to the reasonableness of the fees awarded, we find ample basis in the record to support the decision of the trial court. City of Miami Beach v. Cummings, Fla.App. 1969, 228 So.2d 109. Defendants' attorneys expended 630 non-duplicating hours of their time as circuit court work and 15 hours for Supreme Court work in the successful defense of this action. Two expert witnesses as to attorneys fees quoted figures in excess of the amount awarded by the court. The judge awarding the fee had heard the entire case, which extended from April 26, 1968, when the condemnation petition was filed, until May 27, 1969, when the court entered its order denying the City's petition for rehearing of the summary judgment. The judge was familiar, first hand, with the services performed, their skill and experience in eminent domain cases, the work reflected in papers in the court file and evidence supporting the motion for summary judgment. The issue was novel, and concluded favorably for the Manilows.
The award to the appraiser as an expert witness who testified to the valuation of the property for purposes of assessing a reasonable attorney's fee is supported by City of Miami Beach v. Belle Isle Apartment Corp., Fla.App. 1965, 177 So.2d 884; see also Chesire v. State Road Department, Fla.App. 1966, 186 So.2d 790 and Dade County v. Brigham, Fla. 1950, 47 So.2d 602, 18 A.L.R.2d 1221; but cf. Robert & Company Associates v. Zabawczuk, Fla. 1967, 200 So.2d 802 and Allstate Insurance Company v. Chastain, Fla.App. 1971, 251 So.2d 354, 357.
Therefore, for the reasons stated and upon the authorities cited, we find no reversible error and affirm the cost judgment appealed.
Affirmed.