PIERCE, Chief Judge.
This appeal is from an order of the Circuit Judge in and for Hillsborough County finding Parcels 116 and 121 necessary for public use as a road right-of-way in an eminent domain proceeding filed by Hillsborough County, a political subdivision of the State of Florida.
Appellants, by way of interlocutory appeal, contest the order finding that Parcels 116 and 121 are necessary for public use and the trial Judge’s order denying motions for continuance.
Appellee, pursuant to resolution adopted by the Board of County Commissioners of Hillsborough County and the State Depart *257 ment of Transportation, filed a petition in eminent domain and sought to condemn appellants’ properties, alleging that the acquisition of appellants’ properties was necessary for the purpose of constructing and maintaining a State highway which would connect State Road 39 westerly and northerly to the south city limits of Plant City, Florida, and Alexander Street. The appellants denied that their property described as Parcels 116 and 121 were necessary for public use. Following the filing of appellants’ petition to contest necessity, they filed two motions for continuances and the same were denied by the trial Judge.
Subsequently, a hearing was held on appellants’ petition contesting necessity after which the trial Judge entered its order finding that Parcels 116 and 121 were necessary for public use and as a right-of-way. The trial Judge denied appellants’ motion for supersedeas but deferred possession of the parcels until May 1, 1972, to allow appellants the opportunity to appeal. This Court granted appellants’ motion to advance the cause on the docket and oral argument was held by this Court on April 19, 1972.
An examination of the exhibits furnished this Court in appellants’ exhibits #1 and #2 shows that the proposed right-of-way will run up to the front door of the home owned by appellants, Browns, and will run completely through the home occupied by the appellants, Sapps. The appellants therefore urge that the taking of their property was not necessary for the construction of the proposed road and was a gross abuse of discretion by the condemning authority and that the trial Judge erred in failing to find that the taking constituted a gross abuse of discretion.
The aerial maps contained in appellants’ exhibits show that on the easterly side of appellants’ homes there is a vast unoccupied wooded area and that the road could and properly should be constructed through the unoccupied area thereby saving their homes as well as considerable amount of money to the condemning authority.
As is pointed out in appellants’ brief, the Constitution of the State of Florida grants the appellee power of eminent domain and Chapter 73, Fla.Stat., F.S.A., provides the method by which the constitutional power should be exercised. Case law in Florida, too numerous to cite here, provides that the taking of a parcel of land for carrying out a public purpose is ultimately a judicial question, and the land owner has the right to be heard. See Inland Waterway Development Company v. Jacksonville, Fla.1948, 160 Fla. 913, 37 So.2d 333; State Road Department of Florida v. Southland, Inc., Fla.App.1960, 117 So.2d 512.
The appellee contends that this project must proceed without delay since there is being constructed a new high school by which this road must pass and thereby grant ingress and egress to the school when it opens in September, 1972. We are not impressed with this argument since according to the State’s testimony the proposal for this road was originally made in 1967. They have delayed the planning and construction until this late date and now urge that this order of taking must be entered by May 1, 1972.
We have been unable in our research to find a case where the facts are the same as the instant case; but in our attempt to arrive at a just and equitable decision, we note that eminent domain is a harsh proceeding and when the State exercises this power it must do so in a manner which takes into consideration both the right of the public and of the property owner. It is inconceivable to us, from viewing the aerial maps and studying the testimony adduced at the hearing, that the State is unable to design a curved highway to accomplish the purposes for which this road is being constructed through the unoccupied area east of appellants’ homes and *258 at the same time serve the school now being constructed.
In reviewing all of the facts and the exhibits, we believe the taking of these properties constituted a gross abuse of discretion. We, therefore, reverse and remand with directions to vacate the order of taking. If the County and the State desire to build a road in this vicinity, they should order their capable engineering staff to design a safe highway through the unoccupied area which will serve the purpose for which this road was designed.
Appellants have assigned as error the trial Judge’s refusal to grant continuances. In view of our opinion herein, it is not necessary to comment on this assignment. Suffice it to say, the trial Judge has broad discretion in granting or refusing to grant continuances in any matter before him.
Reversed and remanded.
HOBSON, J., concurs.
McNULTY, J., dissents with opinion.