James H. Davis Director Finance and Administration Jacksonville Transportation Authority Jacksonville
QUESTIONS:
1. Is the Jacksonville Transportation Authority an agency or instrumentality of the State of Florida?
2. If the Jacksonville Transportation Authority is a state agency or instrumentality, how long has it enjoyed such status?
SUMMARY:
The Jacksonville Transportation Authority is expressly designated by statute (and has been so designated since its creation as the Jacksonville Expressway Authority in 1955) as an agency of the State of Florida, and thus should be deemed to be a state agency for purposes of disposition of interest earned on undisbursed grant-in-aid funds pursuant to s. 203 of Pub.L. No. 90-577
(42 U.S.C.A. s. 4213), the Intergovernmental Cooperation Act of 1968.
You have stated that confirmation by this office of the Jacksonville Transportation Authority's status as an agency of the State of Florida for purposes of Pub.L. No. 90-577 (the Intergovernmental Cooperation Act of 1968) has been requested by the Urban Mass. Transportation Administration (UMTA) of the United States Department of Labor. Such confirmation is necessary to determine the applicability to the authority of s. 203 of Pub.L. No. 90-577 (42 U.S.C.A. s. 4213) providing in pertinent part: `States shall not be held accountable for interest earned on grant-in-aid funds, pending their disbursement for program purposes.' (Emphasis supplied.) Section 102 of Pub.L. No. 90-577
(42 U.S.C.A. s. 4201[2]) provides that `State' means `any of the several States of the United States . . . or any agency orinstrumentality of a State, but does not include the governments of the political subdivisions of the State.' (Emphasis supplied.)
Section 1.01(9), F. S., provides that the term `political subdivision' includes `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.' That statutory definition has been provided by the Legislature for application where the context permits, and where a specific or different definition is not provided as a part of and in the context of some other statute. The Jacksonville Transportation Authority does not fall within any of the categories of `political subdivision' enumerated in s. 1.01(9). In addition, and more important, is the language used by the Legislature in creating the authority, whereby it is expressly designated as an agency of the state. The authority was originally created as the Jacksonville Expressway Authority by Ch. 29996, 1955, Laws of Florida, section 3 of which provides in pertinent part:
 There is hereby created and established a body politic and corporate and agency of the State of Florida, to be known as the `Jacksonville Expressway Authority', (hereinafter referred to as `Authority'). (Emphasis supplied.)
Section 3, above, was encoded as s. 349.03, F. S. Eleven years later, by Ch. 71-101, Laws of Florida, the authority's name was changed to the Jacksonville Transportation Authority, and s.349.03 now reads:
 There is hereby created and established a body politic and corporate and an agency of the state to be known as the Jacksonville Expressway Authority, redesignated as the Jacksonville Transportation Authority, and hereinafter referred to as the authority. (Emphasis supplied.)
It is also provided in s. 349.02(1), F. S., that `[t]he term `authority' shall mean the body politic and corporate, an agencyof the state created by this chapter.' (Emphasis supplied.) Section 349.02(1), id., was originally enacted as s. 2(a) of Ch. 29996, supra.
While the language of ss. 349.03(1) and 349.02(1), supra, is clear in providing that the Jacksonville Transportation Authority is an agency of the state, I would also note that the authority's status as an agency of the state has been specifically affirmed in AGO's 055-326 and 057-208, as to the applicability of then-existing provisions of state purchasing and retirement laws. The conclusions of those Attorney General Opinions were based primarily on the language of the statutes creating the authority, which language must be followed and presumed valid unless ruled otherwise by the courts. Also, reference to the authority as a `state agency' was made by the Florida Supreme Court (although that point was not at issue) in State v. Jacksonville Expressway Authority, 139 So.2d 135, 137 (Fla. 1962), wherein the court stated:
 It is a proper function of the Attorney General, in the interest of the public, to test the exercise, or threatened exercise, of power of such a corporate state agency [the authority] through the process of a quo warranto proceeding. (Emphasis supplied.)
Thus, by virtue of its express designation as such by the Legislature, the Jacksonville Transportation Authority must be deemed to be (and to have been since its creation as the Jacksonville Expressway Authority in 1955) an agency of the State of Florida. As such, it would appear that the authority is subject to the above-quoted provision in s. 203 of Pub.L. No. 90-577
(42 U.S.C.A. s. 4213) regarding disposition of interest earned on grant-in-aid funds pending disbursement.
Your questions are answered accordingly.
Prepared by: Jerald S. Price, Assistant Attorney General