TILLMAN PEARSON, Judge.
Advance Scaffolds-Southeast, Inc., the appellant here, is a corporation which supplies building materials to its customers. In the course of its business it purchased a certain type of “snap-ties” from the defendant-appellee, Universal Scaffolding Company, Inc. Universal had, in turn, purchased the snap-ties from Advance Metal Products Co., the second defendant-appellee, who was the manufacturer thereof. Advance Scaffolds-Southeast filed its complaint alleging that the snap-ties were defective. The complaint alleges in part as follows:
“4. Said snap ties were not made in accordance with said specifications, were made negligently and in an improper and faulty manner, were not fit for their intended use, could not be readily broken off after they were imbedded in concrete during the course of construction * *
The order appealed dismissed plaintiff-appellant’s second amended complaint. By its Jirst complaint the plaintiff-appellant sought to sue everybody concerned. The first count of the complaint was against its own customer, Jefferson Construction Company of Florida. This count claimed that Jefferson owed the plaintiff the sum of $1,895.53 on an open account and alleged that the account included the price of the snap-ties supplied to Jefferson by the plaintiff. In its second count the plaintiff-appellant sought to recover from Advance Metal Products Co. upon the basis of the breach of an implied warranty that the snap-ties were fit for their intended use. In its third count the plaintiff-appellant sought to recover from the defendant-appellee, Universal Scaffolding Company, upon the same implied warranty. The first, second and third counts each stated that they were in the alternative. This complaint was dismissed with leave to amend.
An amended complaint was filed in which the first count was eliminated. This complaint was also dismissed with leave to amend.
Plaintiff-appellant filed its second amended complaint in which it attempted to use substantially the same three counts set forth in the first complaint. The trial judge struck the first count upon the basis that there had been an abandonment of that cause of action by failure to include it in the second complaint. The trial judge dismissed the second amended complaint for failure to state a cause of action and this appeal followed.
Appellant’s position is that the court erroneously dismissed its complaint upon a holding that it had not sufficiently plead recoverable damages. The count against the manufacturer, the defendant-appellee, Advance Metal Products, contains the following allegations as to damages “As a result of said facts, Plaintiff is and will become liable to the Defendant Jefferson Construction Co. of Florida in the sum of $1,554.58.” This count does not contain a statement of plaintiff’s sale to Jefferson *837 Construction Company nor does it contain any statement upon which plaintiff's prospective liability to Jefferson can be based. The count simply states that the snap-ties were purchased from Universal; that Universal purchased them from Advance Metal Products and that they were not fit for the purposes for which they were manufactured. It is not alleged that the plaintiff paid for the ties or that it used them. This count was properly dismissed.
The third count contains the following allegations of damages:
“8. As a result of said facts, Plaintiff has been required to give a credit in the sum of $1,554.58 to JEFFERSON CONSTRUCTION CO. OF FLORIDA for selling said improper snap ties to JEFFERSON CONSTRUCTION CO. OF FLORIDA and Plaintiff has suffered a loss of $1,554.-58.”
This allegation of damage is not entirely prospective in that it alleges a credit had already been given “for selling said improper snap ties to Jefferson Construction Co.” In construing this pleading in its most favorable light, it could be found that the plaintiff had an obligation to its purchaser, Jefferson, because of the sale of improperly manufactured snap-ties. However, this allegation is not sufficient to set forth recoverable damage. The plaintiff attempts to recover damages because of this sale by claiming it suffered a loss equal to the credit given Jefferson. If such a procedure were allowed it would, in effect, permit the plaintiff to voluntarily and unilaterally extend credit and then claim such as damages. The plaintiff has not alleged in his complaint a showing of injury or loss to sufficiently set forth a cause of action. See Ocala Loan Company v. Smith, Fla.App.1963, 155 So.2d 711.
In the three complaints filed the plaintiff never varied the language of its claim of damages. The only reasonable conclusion is that the plaintiff had every opportunity to amend its complaint to state a cause of action and that it failed to do so. Therefore, the complaint was properly dismissed.
Affirmed.