210 So.2d 1 (1967)
A.C. KITTEL, Jr., Petitioner,
v.
Anne B. KITTEL, Respondent.
No. 36332.
Supreme Court of Florida.
December 19, 1967.
On Rehearing May 8, 1968.
*2 John W. Prunty, Miami, for petitioner.
George J. Baya, Miami, for respondent.
PER CURIAM.
The petition for writ of certiorari reflected probable jurisdiction in this Court. After argument and upon further consideration, we have determined the writ was improvidently issued. The writ must be and is discharged and the petition is dismissed.
Motion for attorneys' fees denied.
It is so ordered.
CALDWELL, C.J., and THOMAS, DREW, THORNAL and ADAMS, JJ., concur.

ON PETITION FOR REHEARING.
DREW, Justice.
Mrs. Anne B. Kittel, hereafter referred to as the wife, obtained in Dade County a decree of separate maintenance from her husband, A.C. Kittel, Jr., hereafter referred to as the husband. On appeal this decree was affirmed without opinion by the District Court of Appeal, Third District.[1] Thereafter the husband obtained a Mexican divorce which dissolved the marriage status between the husband and wife but preserved without modification the decree of separate maintenance.[2]
After the institution of the Mexican divorce proceedings, the wife commenced action in the Circuit Court of Dade County to enjoin the husband from proceeding further therein. The complaint was dismissed with leave to amend. The amended complaint was for a declaratory decree contending the Mexican divorce was void. Attached to and made a part of the complaint was a certified translated copy of such Mexican decree. In such amended complaint the wife sought attorney's fees for the services of her attorney. From an order denying a motion to dismiss the amended complaint for failure to state a cause of action but granting a motion to strike the prayer for attorney's fees, both husband and wife appealed. The District Court upheld the complaint as a direct attack on the alleged void decree but sustained the action of the trial court in dismissing that portion of the complaint seeking attorney's fees.[3]
On remand the trial court entered a final decree declaring the Mexican divorce void and retaining jurisdiction "on attorney's fees for the services of the wife's attorneys in this matter, if any." The husband then appealed from such final decree which resulted *3 in the opinion of the District Court which is now the subject of these conflict certiorari proceedings.[4] In this opinion the District Court upheld the action of the trial court and by separate order awarded the wife's solicitors $500 for services in the District Court.[5] We conclude that the decision on the latter point requires the exercise of this Court's jurisdiction in certiorari, and that the petition for rehearing addressed to our order discharging the writ heretofore issued in this cause should be granted.
The award of attorney's fees for services of the wife's attorney in these proceedings finds no support in the statutory law of this State. Such award conflicts with the decisions of this Court in Simpson v. Simpson, Fla. 1953, 63 So.2d 764, text 765; Haynes v. Haynes, Fla. 1954, 71 So.2d 491; Mouyois v. Mouyois, Fla.App. 1957, 97 So.2d 718, and other cases. The statute under which attorney's fees are claimed[6] specifically limits attorney's fees for the wife to those "legal proceedings * * * brought for the purpose of enforcing a decree or order of the court providing for the payment of alimony or support for children. * * *" This is not such a proceeding. The keystone of the complaint is the Mexican divorce which on its face especially preserves all of the wife's rights under the maintenance decree. It is an elemental principle of law in this State that attorney's fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property.[7] In numerous cases this Court has construed the subject statute as authorizing attorney's fees for services only in proceedings of the kind therein defined. The statement in the District Court's opinion in Kittel v. Kittel, 164 So.2d 835, that "there are circumstances which permit a wife to recover attorney's fees" is not authority for the award here. Simpson v. Simpson, cited as authority for the quoted holding, holds merely that a wife's defense of an action by the husband to reduce the amount of an award of alimony is within the statute because such statute should "be given a broad and liberal interpretation so that the wife may be provided with suit money to defend against an attack upon a former decree made by the husband, whether such attack be for the purpose of eliminating entirely or merely reducing the amounts therein awarded for alimony and child support, since her defensive litigation is for the sole purpose of enforcing a compliance with the decree as originally entered." Simpson v. Simpson, supra. This is the outer limit to which this Court has extended the application of this statute.
Moreover, the holding of the District Court in this case in the decision at *4 164 So.2d 835, heretofore referred to, holding that attorney's fees were not recoverable, is clearly the law of the case.[8] Under this holding the trial court would have no power to make such an award. It is most difficult to understand, under the circumstances shown by the plain disclosures of this record, on what basis the District Court could have made such an award. It is particularly perplexing in the face of its prior undisturbed adjudication that no such fees were allowable.[9]
It may well be that, under the circumstances, the Legislature should provide some means for requiring the husband to pay for the services of his wife's attorney. This is, however, a legislative, not a judicial, prerogative. While the amount of the fee here is not great, we feel compelled to state these views at length because of our firm conviction that to approve the action of the District Court here would not only create unaccountable confusion in our jurisprudence in this field but would completely emasculate an unbroken line of decisions construing the statute under which these fees are claimed.
The order of the appellate court with respect to attorney's fees is accordingly quashed. Petitioner's remaining contentions are without merit.
CALDWELL, C.J., and THOMAS, J., concur.
THORNAL, J., concurs specially with opinion.
ROBERTS, ERVIN and ADAMS, JJ., dissent.
THORNAL, Justice (concurring):
On the matter of jurisdiction it is my view that the order fixing the attorney's fee was a part of the decision of the District Court subject to review here. Since that aspect of the decision conflicted with prior decisions of this Court, as cited in Justice Drew's opinion, our jurisdiction to proceed attached. I, therefore, concur in the majority opinion.
NOTES
[1] Kittel, appellant v. Kittel, Jr., appellee, Fla.App., 148 So.2d 574.
[2] The translation of the Mexican decree with respect to the decree of separate maintenance is as follows:

"* * * SECOND.  It is approved in all its parts the Decree of Separate Maintenance, issued on May twenty-second, nineteen hundred and sixty two, by the Circuit Court of the Eleventh Judicial Circuit, in and for the County of Dade, State of Florida, United States of America, File registered under number  62C3819, which has been incorporated by reference into this decree, same as if it were recited in full, in order that it survive and be in full force and legal effect, after the final judgment, without  merging it with same."
[3] In disposing of this question, the District Court said, concerning the wife's appeal, "it is apparent from the record that no right to attorney's fees exists as nothing in these proceedings is, in effect, an enforcement of the wife's separate maintenance award. The foreign decree recognized the validity of the separate maintenance decree and, as far as this record reveals, the husband is abiding by the terms thereof." Kittel v. Kittel, 164 So.2d 833, text 835.
[4] Kittel v. Kittel, 194 So.2d 640.
[5] While this award was not referred to in the cited opinion it is a part of the record proper and is one of the grounds alleged for conflict in the petition for certiorari.
[6] "65.16 Divorce; subsequent proceedings; costs, fees, etc. 

(1) Whenever any legal proceeding is brought for the purpose of enforcing a decree or order of the court, providing for the payment of alimony or support for children, the court may, in the exercise of a sound judicial discretion, allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and the nature of the case shall be fit, equitable and just.
(2) Any order so made under the provisions of this section shall be enforced in the same manner as are other chancery orders or decrees."
[7] Codomo v. Emanuel, Fla. 1956, 91 So.2d 653; Jacksonville Expressway Authority v. Henry G. Du Pree Co., Fla. 1959, 108 So.2d 289, 69 A.L.R.2d 1445; Dillman v. Dillman, Fla.App. 1958, 105 So.2d 33; 8 Fla.Jur., Costs, Sec. 33. Statutory provisions in this connection are considered in derogation of common law so as to require strict construction and constitutional evaluation: Security Finance Co. v. Gardener, 94 Fla. 549, 114 So. 232; Great American Indemnity Co. v. Williams, Fla. 1956, 85 So.2d 619.
[8] McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323; Harwell v. Sheffield, Fla. 1957, 112 So.2d 377.
[9] There was no departure from the pleadings originally upheld by the District Court as stating a cause of action. The case was decided on the same complaint and on the same theory as that previously affirmed by the District Court in 164 So.2d 835.