HENDRY, Judge.
The appellants were the plaintiffs below, having filed their suit against the appellee institution based on the recision of a contract. The theory underlying the plaintiffs’ cause of action was that they had paid advance tuition for a full semester of education and training for their step-son; through no fault of their own, their stepson left the institution after having received approximately two weeks’ education. Upon demand, the appellee refused to return any part of the advance tuition. The appellee thereafter moved for the summary judgment, filing an affidavit in support thereof, along with copies of the written application for admission executed by appellant R. C. A. Wahlberg. In that application, there was contained the following provision:

“I Agree:

'To make no claim for the refund of any portion of the fees paid, or release from fees due, if the student is either withdrawn or dismissed prior to the expiration of the agreed enrollment period, and that any and all funds that have been paid are to be retained by the Academy as liquidated damages unless due to illness lasting longer than 30 consecutive days, certified to by the school doctor, in which case a 50% pro rata discount is allowed for the time out for said disability.”
The appellants filed their affidavit in opposition to the appellee’s motion for summary judgment, containing allegations by the student himself, which essentially stated, first, his dissatisfaction with the physical premises, the teaching and supervisory staff, his classmates, and other matters of a nature pertaining to his disappointment with various aspects of the academy. Secondly, the affidavit in opposition went on to state that, because of the reasons enumerated by the affiant, he refused to go back to the academy even though ordered to do so by his mother, and continued to so refuse to return to the academy even after his mother’s further insistence on such return.
Upon the basis of the affidavits before him, the trial judge granted the appellee’s motion for final summary judgment. We cannot agree with the decision of the trial court in that the record presents a genuine issue of material fact remaining to be decided, to-wit: whether the facts and circumstances surrounding the enrollee’s leaving of the academy constituted a withdrawal or dismissal prior to the expiration of the agreed enrollment period, pursuant to the proviso, supra, contained in the application for admission.
Therefore, the final summary judgment being appealed is hereby reversed and the cause remanded to the trial court for further proceedings consistent herewith.