PER CURIAM.
Appeal is taken from an entry of a summary judgment in favor of the appellee.
Appellant and appellee entered into a Stallion Service Contract in furtherance of which the mare, Miss Percent, became pregnant and delivered a foal. The Service Contract called for a refund of the stud fee if the foal failed to stand and nurse without assistance. The contract further states that this fact must be established by a veterinarian’s certificate. Miss Percent’s foal died within four days of birth and ap-pellee sued for a refund of the $2,500.00 stud fee, citing as proof the affidavit of the farm manager that the foal did not stand and nurse without assistance and attached the affidavit of the general manager of Ocala Stud Farms to that effect. Under these circumstances, appellee was not entitled to a summary judgment and the trial court erred in holding to the contrary.
Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., states that a summary judgment shall be rendered when there is no genuine issue as to any material fact. The Florida Supreme Court in Williams v. City of Lake City, 62 So.2d 732 (1953), stated:
“. . . [Summary] judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact. To put it another way, such motion should be granted only where the moving party is entitled to a judgment as a matter of law. It was never intended by this rule that cases should be tried by affidavit or that affidavits, interrogatories or depositions or similar evidence, could be used as substitutes for a jury trial. To sum it all up, if there are issues of fact and the slightest doubt remains a summary judgment cannot be granted.” (Emphasis supplied)
In the instant case there are genuine and material issues of fact in dispute. One *588 such issue is whether the foal stood and nursed without assistance. Although there might be other issues, the existence of this one is sufficient to preclude the entry of a summary judgment. Therefore, the judgment appealed is reversed and the cause remanded to the lower court for trial.
SPECTOR, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.