PER CURIAM.
Plaintiff sought the reformation of a release. See generally 5 Fla.Jur., Cancellation, Reformation, etc., § 57, et seq. The pleading issue thereto was drawn between the parties. This issue was contained in and collateral to a damage suit for personal injuries. On the basis of affidavits, and despite plaintiff’s request for an opportunity to present testimony and evidence in a full trial upon the merits, the trial court determined that the release was not subject to reformation. This was tantamount to entry of summary judgment in favor of defendants and constituted error because the affidavits themselves demonstrated genuine issues of material fact which precluded entry of judgment as a matter of law upon this issue. Weinstein v. General Accident Fire & Life Assurance Co., Fla.App.1962, 141 So.2d 318; Wahlberg v. Miami Military Academy, Fla.App. 1969, 227 So.2d 531; Ocala Stud Farms, Inc. v. Drinkhouse, Fla.App.1972, 257 So. 2d 587.
The final judgment and assessment of costs hinged upon the above decision and same must be and are reversed and the cause remanded with instructions to grant the parties a full trial upon the issue of the reformation of the release and for further proceedings consistent therewith.
Reversed and remanded.
WALDEN, CROSS and OWEN, JJ., concur.