341 So.2d 759 (1976)
ESTATE of Eunice G. HAMPTON, Deceased, Appellant,
v.
FAIRCHILD-FLORIDA CONSTRUCTION COMPANY, a Florida Corporation, Appellee.
No. 48755.
Supreme Court of Florida.
November 12, 1976.
Rehearing Denied February 16, 1977.
*760 Thomas F. Woods, of Woods & Johnston, Tallahassee, for appellant.
Helen C. Ellis and Michael L. Granger, of Keen, O'Kelley & Spitz, Tallahassee, for appellee.
HATCHETT, Justice.
The executor of the estate of Eunice G. Hampton brought suit against Fairchild-Florida Construction Co., appellee here, in connection with a parcel of real estate that had belonged to Eunice G. Hampton, and that adjoins real estate owned by the appellee. The executor sought to establish a statutory way of necessity, pursuant to Section 704.01(2), Florida Statutes (1975),[1] to allow ingress and egress over appellee's land. The trial court entered judgment for appellee, because the proof failed to establish that the real property belonging to the estate was "being used or [was] desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes." Section 704.01(2), supra. No question as to the judgment on the merits has been raised here. The dispute centers on the trial court's award of an attorney's fee to appellee, the successful defendant below. In setting forth reasons for the award, the learned trial judge construed provisions of the Florida Constitution.[2] Accordingly *761 we have jurisdiction of the appeal. Article V, Section 3(b)(1), Florida Constitution.
In general, attorneys' fees are not recoverable unless a statute or a contract specifically authorizes their recovery, or unless equity allows attorneys' fees from a fund or estate which has been benefitted by the rendering of legal services. Selby v. Bullock, 287 So.2d 18 (Fla. 1973) (reh. den. 1974); Rivera v. Deauville Hotel, 277 So.2d 265 (Fla. 1973); Stone v. Jeffres, 208 So.2d 827 (Fla. 1968). In the words of Mr. Justice Drew:
It is an elemental principle of law in this State that attorney's fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property. Kittel v. Kittel, 210 So.2d 1, 3 (Fla. 1967) (on rehearing 1968) (citation omitted)
There is no contract here nor any equitable fund or estate, but appellee argues that Section 73.091, Florida Statutes (1975), authorizes the award of attorneys' fees in proceedings to establish statutory ways of necessity. Section 73.091 directs the award of a reasonable attorney's fee in eminent domain cases brought under the provisions of Chapter 73, Florida Statutes, but does not purport to authorize the award of attorneys' fees in litigation brought under statutes in other chapters. The action in the present case was brought pursuant to Section 704.01, Florida Statutes (1975), which is silent as to attorneys' fees.
Appellee argues that proceedings under Section 704.01 are in reality eminent domain proceedings,[3] relying on dicta in Stein v. Darby, 126 So.2d 313 (Fla. 1st DCA 1961), cert. den. 134 So.2d 232 (Fla. 1961) to the effect that Chapter 704, Florida Statutes, was enacted "to [com]plement the common law rule with a statutory proceeding in eminent domain." 126 So.2d at 317. With the question squarely posed, we conclude that proceedings to establish a statutory way of necessity do not stand on the same footing as condemnation actions by the State of Florida in its sovereign capacity. We now reject the view that a statute regulating rights as between the private owners of adjacent land implicates the sovereign power of eminent domain in the same way as the taking of land by the State.[4] The mere fact that statutes alter *762 rights and remedies known at common law obviously affords no basis for the award of attorneys' fees in actions brought under them.
Accordingly, the judgment below is reversed insofar as it awards an attorney's fee to appellee, Fairchild-Florida Construction Co. In every other respect, the judgment is affirmed.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Subsection 2 provides:

Statutory way of necessity exclusive of common law right.  Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided, that such easement shall be used only in an orderly and proper manner.
[2] In pertinent part, the order reads:

Defendant has requested attorney fees. The 1968 Constitution of the State of Florida Article X, Section 6, (a) and (b) provides:
"(a) No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner
"(b) Provision may be made by law for the taking of easements, by like proceedings, for the drainage of land of one person over or through the land of another."
Chapter 73.091, Florida Statutes (which is the Eminent Domain Statute) provides:
"Petitioner shall pay all reasonable costs of the proceeding in Circuit Court, including a reasonable attorney's fee to be assessed by the Court."
In Stein v. Darby, Fla., 126 So.2d 313, the Court specifically held that the result contemplated by Chapter 704.01(2), F.S., serves a "public purpose" in that it provides a lawful means by which to accomplish full utilization of the state's natural resources, their development in the ordinary channels of commerce and industry. In further speaking of Chapter 704, the Court further stated (commencing with the last paragraph on page 320):
"[4, 5] There is nothing in the Constitution of the United States prohibiting the state legislature from enacting statutes of the type under consideration, and there is nothing in the Florida Constitution restricting the legislature in that particular. It is elemental that all powers not specifically and exclusively delegated to the federal government or prohibited to the state are reserved to the people and may be exercised by their representatives in the legislature. No specific constitutional pronouncement is necessary to support the authority of the legislature to enact the act in question, and finding no constitutional prohibition against its enactment, it follows that it is the product of valid power vested in the legislature. Moreover, Article XVI, Section 29 [Article XVI, Section 29, of the 1885 Constitution is the present Article X, Section 6, of the Florida Constitution.] of the Florida Constitution clearly implies that an `individual' may under authority of the legislature exercise the power of eminent domain for the purpose of acquiring a way of necessity to his landlocked property, conditioned on paying `full compensation' therefor to the owner."
"Full compensation," as contemplated by Article X, Section 6, guarantees the payment of attorney's fees for the landowner's attorney whose lands are being taken. See Brietbart v. S.R.D. of Fla. 116 So.2d 458 (1960).
If this premise were not so, as applied to the instant case, the Plaintiff's witness, John E. Stead, testified that full compensation for the easement to be acquired would only be $375.00. To require that Defendant, whose land is being taken to pay his attorney fee under such circumstances would be grossly unjust. Under our Constitution, and the laws enacted pursuant thereto, such will not be permitted.
[3] Attorneys' fees are awarded in eminent domain cases, regardless of whether the condemnee's land is actually taken, Dade County v. Oolite Rock Company, 311 So.2d 699 (Fla. 3d DCA 1975); City of Sunrise v. West Broward Utilities, Inc., 311 So.2d 175 (Fla. DCA 1975); City of Miami Beach v. Cummings, 239 So.2d 501 (Fla.3d DCA 1970).
[4] The present situation differs from the delegation of the power of eminent domain to railroad, canal, telephone, and telegraph companies. See generally Sections 73.151 and 73.161, Florida Statutes (1975).