380 So.2d 1112 (1980)
CITY OF MIAMI BEACH, Appellant,
v.
TOWN OF BAY HARBOR ISLANDS, Bal Harbor Village, City of North Bay Village and Metropolitan Dade County Water and Sewer Board, Appellees.
No. 79-261.
District Court of Appeal of Florida, Third District.
March 4, 1980.
*1113 John A. Ritter, City Atty., Andrew Moriber, Chief Deputy City Atty. and Beth Ellen Spiegel, Asst. City Atty., for appellant.
Robert A. Ginsburg, County Atty. and Stanley B. Price, Asst. County Atty., Joseph H. Weil, Lewis Horwitz, Alan S. Gold, Miami, for appellees.
Before PEARSON and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
HUBBART, Judge.
The central issue involved in this appeal is whether a trial court is authorized to award attorneys fees to the prevailing party in a civil contempt proceeding as against a municipality under Section 57.105, Florida Statutes (1979). We hold that the trial court is so authorized by the above statute, but only where "the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." As no such finding was made by the trial court in the order under review, we reverse the order insofar as it assesses attorneys fees and remand for further proceedings; we affirm the instant order, however, insofar as it assesses costs.

A
It is the established law of this state "that attorneys fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into court a fund or other property." Kittel v. Kittel, 210 So.2d 1, 3 (Fla. 1967), quoted with approval in Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759, 761 (Fla. 1976). By statute, a trial court is authorized to "award a reasonable attorneys fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." § 57.105, Fla. Stat. (1979).
In the instant case, we have for review an order of the trial court awarding attorneys fees and costs to the prevailing parties [Town of Bay Harbor Islands, Bal Harbour Village, City of North Bay Village, and Metropolitan Dade County] in a civil contempt proceeding brought against the City of Miami Beach for willful disobedience of a prior court injunction, which had prohibited the passage of a certain city ordinance. Fla.R.App.P. 9.130(a)(4). Our review of the record reveals serious doubt as to whether there was any justiciable issue of either law or fact raised by the City of Miami Beach as the losing party in the contested contempt proceeding. The City of Miami Beach appeared to be in unmistakable contempt of the prior court injunction. If no such justiciable issue was raised by the City of Miami Beach in the contempt action, Section 57.105, Florida Statutes (1979), clearly authorized the assessment of attorneys fees against the city, and this result is unchanged by the fact that the losing party herein is a governmental entity. The statute in question makes no exception for governmental entities such as municipalities.
Ordinarily, then, we would be inclined to affirm the attorneys fee award herein but for the fact that the order under review is technically deficient. It contains no finding, as required by statute, that "there was a complete absence of a justiciable issue of either law or fact raised by the losing party." § 57.105, Fla. Stat. (1979). *1114 In the absence of such a finding, we are compelled to reverse, but based on the showing in this record, we are constrained to remand the cause to the trial court to make the appropriate finding under the statute which the evidence will sustain. Moreover, it should be noted that there was no other basis besides the above statute for an award of attorneys fees in this cause.

B
We see no merit whatever in the appeal from the assessment of costs in this case. The City of Miami Beach was without question accorded due process by the trial court in every respect. Its contentions to the contrary are rejected as having no merit whatever. City of Miami v. Murphy, 137 So.2d 825 (Fla. 1962); § 57.041, Fla. Stat. (1979).

C
The order under review is affirmed insofar as it assesses costs against the City of Miami Beach. The order under review is reversed insofar as it imposes attorneys fees against the City of Miami Beach and the cause is remanded to the trial court with directions to make an appropriate finding based on the record as to whether there was any justiciable issue of either law or fact raised by the City of Miami Beach as the losing party in the subject contested contempt proceeding and thereafter to assess or deny attorneys fees depending on the finding entered based on the views expressed in this opinion.
Affirmed in part; reversed and remanded in part.