HUBBART, Chief Judge
(concurring in part; dissenting in part).
I entirely agree with the court’s disposition of this appeal except insofar as it sustains the award of attorney’s fees for the appellee in this civil contempt action. I think the contempt order under review, insofar as it awards attorney’s fees as part of the compensatory fine imposed, must be reversed and the cause remanded for further proceedings.
The Florida Supreme Court states the applicable law here in Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759, 761 (Fla.1976), wherein it quoted with approval from Kittel v. Kittel, 210 So.2d 1, 3 (Fla.1967), as follows:
“It is an elemental principle of law in this State that attorney’s fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property.”
It is clear beyond dispute that the attorney’s fee award in this instant case cannot be sustained on this record as falling into any of the above three categories. It is, therefore, clear that the attorney’s fee award contained in the order under review must be reversed based on the established law of this state.
It is urged, however, that a fourth category has been recognized in this state where a prevailing party in a civil action may obtain attorney’s fees, to wit: when such a fee is part of the damages sustained by the prevailing party, as here, in a civil contempt proceeding. I am unaware of any decision in this state which has so held, see 11 Fla.Jur.2d, “Contempt” § 45 (1979), and cases collected, and my review of South Dade Farms, Inc. v. Peters, 88 So.2d 891 (Fla.1956), and National Exterminators, Inc. v. Truly Nolen, Inc., 86 So.2d 816 (Fla.1956), reveals that the subject issue was in no way involved in those cases. It may very well be that such an award should be considered part of the overall damages sustained by such a party, but, in my view, until the Florida Supreme Court so rules, we are bound by the law of this state as announced in Estate of Hampton v. Fairchild-Florida Construction Co., supra, and Kittel v. Kittel, supra. Compare City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980).
I would, accordingly, reverse the order under review only insofar as it awards attorney’s fees as part of the compensatory fine imposed on the appellant and remand the cause to the trial court with directions to impose a new fine absent an attorney’s fee award. See e. g., Hoffman v. Jones, 280 So.2d 431 (Fla.1973).