SHARP, Judge.
Oscar Dobrow and his wife, Georgette, appeal from a final summary judgment entered against them because of various liabilities incurred pursuant to a joint venture agreement involving Banyan Bay Enterprises. The trial court also entered a final summary judgment against Oscar on his counterclaim filed in this proceeding, which involved a different joint venture project, Silver Beach Enterprises, but the same joint venturers as those in Banyan Bay. We reverse because we think the record raised material questions of fact which should not be resolved in a summary judgment proceeding. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
I. LIABILITY OF GEORGETTE DOBROW
Two grounds asserted against Georgette by appellees are based on her signature on a promissory note payable to American Century Mortgage Investors (ACMI), and a settlement agreement resolving a lawsuit brought by Travelers Indemnity Company. The appellees and their spouses also signed the note and settlement, but the status of their co-signatures is not clear from the face of the documents. The appellees allege in the complaint that they paid the obligations in full, and they seek to recover from Georgette her pro rata share they paid on her behalf.
Georgette filed pleadings and an affidavit which established she was not a member of the joint venture and that she received no consideration for her execution of the note or settlement. If she did not receive consideration for executing either the note or the settlement, or both, as an accommodation party, she would not be liable to the appellees she “accommodated,”[1] although she would be liable, in contribution, to those appellees who were co-accommodation makers.[2] Thus, Georgette established a possible defense to her asserted liabilities on the note and settlement.[3] This defense will turn on a question of material fact: did she sign the note and settlement as a surety for the benefit of the other parties signing?[4] At this stage, summary *811 judgment against her on the note or settlement was improper.[5]
Georgette was also held liable to ap-pellees for attorney’s fees and for some cash payments made to ACMI by the Banyan joint venturers. We can find no basis in this record for establishing either liability. Georgette was not a member of the joint venture, and therefore, she could not be assessed a share of costs, expenses, or advances pursuant to paragraph 17 of the Banyan Bay Enterprises Joint Venture Agreement, as argued by the appellees.[6] She did execute the note and the settlement, which allow an award of attorney’s fees to the payee or obligee in the event she had been sued by ACMI or Travelers. But her liability for attorney’s fees to appellees as co-makers or accommodated parties is not expressly provided for in either document, and the record does not establish her liability to appellees at this point.[7] For both reasons, summary judgment was improper.
II. SUMMARY JUDGMENT DENIAL OF OSCAR DOBROW’S COUNTERCLAIM
Although the pleadings could have been better and more precisely drafted, we think Oscar’s counterclaim sufficiently alleges that the appellees were potentially liable to him because of an alleged fraudulent misrepresentation, made to him by their agent (the attorney for the group) and some of the appellees, which caused him to sell out his interest in another partnership at too low a price. Specifically, Oscar asked for rescission of the Quit-Claim Deed and Agreement by which he terminated his interest in the Silver Beach joint venture and he sought a pro rata share of the partnership profits. A possible cause of action is alleged and possible remedies are requested.[8] A pro rata share of profits or damages for Silver Beach would offset the liabilities asserted against him by the appellees in the main suit, even though it involves a different project.
The record creates a question of fact regarding the alleged misrepresentation. Both Oscar and the appellees filed affidavits disputing whether Oscar was informed that the mortgage on Silver Beach would be reduced from $3,950,000 to $2,000,000 before he released his interest. The sizeable amount of money involved makes Oscar’s claim on its face possibly material, and in his affidavit he claims that it was material. Where, as here, both parties file affidavits putting a material fact in issue, summary judgment is inappropriate. See, e.g., Owen v. Owen, 234 So.2d 165 (Fla. 1st DCA 1970); Wahlberg v. Miami Military Academy, 227 So.2d 531 (Fla. 3d DCA 1969).
For the reasons stated herein, we reverse the summary judgment as to Georgette Do-brow in its entirety; and we reverse the summary denial of Oscar Dobrow’s counterclaim. We affirm the balance of the summary judgment and remand this proceeding to the trial court.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
COWART, J., concurs.
DAUKSCH, J., concurs in conclusion only.

. Gehrig v. Ray, 332 So.2d 703 (Fla. 1st DCA 1976); § 673.415, Fla.Stat. (1981).

. See, e.g., Daigle v. Chaisson, 396 So.2d 573 (La.App, 3rd Cir.1981); Fithian v. Jamar, 286 Md. 161, 410 A.2d 569, 27 U.C.C.R.S. 481 (1979).

. Appellees admit they rely primarily on Perry v. Bryant, 412 So.2d 505 (Fla. 5th DCA 1982). However, that decision was affirmed without opinion, and as such, it has no precedential law value because the reasons for the affirmance cannot be determined.

.The record is not clear whether Georgette was an original defendant in the lawsuit brought by Travelers, nor the basis for its requiring her signature. The stipulation for settlement only names as defendant in the suit James E. Casey d/b/a James E. Casey &, Associates, et al.

. See supra note 2.

. Paragraph 17 provides:
Should it become necessary for any Member to employ an attorney to enforce by a court action any portion of this Agreement against another Member, and if said action is successful, the Member against whom such action is brought covenants and agrees to pay- the costs and reasonable attorneys’ fees incurred by the Member instituting said action.

. In re Estate of Hampton v. Fairchild-Florida Constr. Co., 341 So.2d 759 (Fla.1976).

. We agree with the trial court that Oscar has no basis to claim an interest in the land itself. Century Bank of Lee County v. Gillespy, 399 So.2d 1109 (Fla. 5th DCA 1981); § 620.595, Fla.Stat. (1981). Therefore, Oscar had no basis to file a lis pendens against the partnership property.