513 So.2d 260 (1987)
VOGEL BROTHERS BUILDING CO., Appellant,
v.
SCARBOROUGH CONSTRUCTORS, INC., a Florida Corporation; St. Paul Fire & Marine Insurance Company, a Foreign Corporation; and City of Tarpon Springs, a Municipal Corporation, Appellees.
No. 87-446.
District Court of Appeal of Florida, Second District.
October 2, 1987.
*261 Maxwell G. Battle, Jr. and Dean G. Tsourakis of Battle & Tsourakis, P.A., Tampa, for appellant.
Joan M. Vecchioli of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, for appellee City of Tarpon Springs.
No appearances for appellees Scarborough Constructors, Inc. and St. Paul Fire & Marine Ins. Co.
BOARDMAN, EDWARD F., (Retired) Judge.
This is an appeal from a nonfinal order which abated an action pending resolution of the dispute by arbitration. We have jurisdiction, Fla.R.App.P. 9.130(a)(3)(C)(iv), and for the reasons stated below, we reverse.
Appellant (Vogel) filed a three-count complaint against appellees (Scarborough and the City) seeking damages for allegedly extra work that it had performed pursuant to a subcontract with Scarborough, the general contractor, on a project owned by the City. The City filed a motion to abate the proceedings and to compel arbitration pursuant to the terms of the subcontract between Vogel and Scarborough. After a hearing, the trial court granted the motion and ordered the proceedings abated pending arbitration.
Implicit in the trial court's order is the determination that the City was entitled to invoke the arbitration provision of the subcontract between Vogel and Scarborough. We have considered the City's contention that it was a third-party beneficiary of the subcontract and as such, should be allowed to invoke the arbitration provision. We do not agree.
Paragraph five of that subcontract provided:
Sub-Contractor shall make all alterations, furnish the materials for and perform all extra work or omit any work owner or architect may require without modifying this agreement at a reasonable addition to or reduction form [sic] the subcontract price herein named and prorated to the same. No changes are to be made, however, except upon written order from Contractor and Contractor shall not be held liable to Sub-Contractor for any extra labor or materials furnished without such written order. The amount to be paid by Contractor or allowed by Sub-Contractor by virtue of the same shall be stated in such order if the amount can be agreed upon, but if not, then it shall be fixed by arbitration, each of the parties hereto, having the right to name one arbitrator and the Architect or Engineer having the right to name the third arbitrator, all costs for such arbitration shall be borne equally by the parties hereto, but pending such arbitration the work shall proceed as directed.
Generally, a property owner is not the intended third-party beneficiary of a contract between a general contractor and a subcontractor. See Public Super Markets Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987) (citing 4 A. Corbin, Corbin on Contracts § 779D (1951)). Further, *262 it is clear from the plain language of the provision, and there is nothing else in the record to suggest to the contrary, that neither Vogel nor Scarborough intended the City to primarily and directly benefit from the arbitration provided for therein. See Maryland Casualty Co. v. State, Department of General Services, 489 So.2d 57 (Fla. 2d DCA), rev. dismissed, 494 So.2d 1151 (Fla. 1986). As such, we hold that the City could not invoke the arbitration provision of the subcontract. Thus, trial court erred in compelling arbitration pursuant to the City's motion. Accordingly, we reverse the trial court's order and remand for further proceedings.
Because of this disposition, we do not address the remaining points Vogel has raised on appeal. Further, we are precluded from reviewing the correctness of any motion to compel arbitration filed by Scarborough, although the parties contend such a motion was filed, because the trial court's order only addressed the City's motion. Any issues raised in this appeal which may also apply to Scarborough's pending motion to compel arbitration should be first raised in the trial court and adequately preserved for appellate review.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and FRANK, J., concur.