GOSHORN, Judge.
Community National Bank appeals an award of attorney’s fees to William Rishoi, the court-appointed receiver for International Business Consultant and Associates, Inc. and Clara Lamstein. We affirm the award of attorney’s fees but reverse insofar as the final judgment requires those fees to be paid by Community.
Lamstein’s business was shut down by the State because it was alleged to be an illegal pyramiding scheme. Rishoi’s appointment made him responsible for mar-shalling Lampstein’s assets for the benefit of defrauded investors. Prior to the shutdown, customers of Community purchased cashier’s checks and gave them to Lam-stein to invest in her business. At the time Lamstein’s operation was closed, Lamstein held $100,000 in uncashed cashier’s checks issued by several banks, including Community. Upon establishment of the receivership, the checks came into Rishoi’s possession, were endorsed by him and deposited in the receivership account pursuant to his authority. When the customers learned of Lamstein’s business problems, they signed stop payment orders on the uncashed checks and Community, following the requests, dishonored the checks.
Rishoi filed suit to require Community to honor its cashier’s check and pay the proceeds to the receivership. Pursuant to motion, the trial court entered summary judgment in favor of Rishoi. This court has previously upheld a summary final judgment finding that a bank had no right to stop payment on its cashier’s check under these factual circumstances. First American Bank and Trust v. Rishoi, 553 So.2d 1387 (Fla. 5th DCA 1990) (a cashier’s cheek presented by a holder in due course may not be countermanded after issue). The correctness of that part of the judgment ordering Community to honor its check is not at issue in this appeal.
Community first urges that the court erred in awarding any attorney’s fees to Rishoi. We find no merit in this argument because attorney’s fees may properly be awarded to an attorney who creates or brings a fund into the court. Kittel v. Kittel, 210 So.2d 1 (Fla.1967). This principle has long been recognized by Florida courts. Our sister court in Fidelity and Casualty Company of New York v. O’Shea, 397 So.2d 1196 (Fla. 2d DCA 1981) discussed the principle and held:
Florida courts recognize the rule which permits the award of fees “from a fund or estate which has been benefited by the rendering of legal services.” Estate of Hampton, 341 So.2d 759 (Fla.1976). This doctrine is known as the “common fund rule.” The operation of the rule has primarily been premised upon the following prerequisites:
1. The existence of a fund over which the court has jurisdiction and from which fees can be awarded;
2. The commencement of litigation by one party which is terminated successfully;
3. The existence of a class which received, without otherwise contributing to the lawsuit, substantial benefits as a result of the litigation;
4. The creation, preservation, protection or increase of the fund as a direct and proximate result of the efforts of counsel for that party;
5. A reasonable relationship between the benefit established and the fees incurred.
Id. at 1198. Rishoi clearly was successful in bringing funds into the receivership and thus was properly awarded attorney’s fees.
Having determined that RShoi is entitled to attorney’s fees for having *1055 brought a fund successfully into court, we agree that the fees were improperly assessed against Community. The right of an attorney to receive fees under the common fund doctrine is based on the theory that the successful efforts of the attorney benefits the class entitled to receive the fund and equity requires that each class member bear his or her pro rata share of the cost of recovering the fund. Thus, we conclude that Rishoi’s fees should be paid by the receivership and not Community. Kittel, supra; Fidelity, supra. See also Estate of Hampton v. Fairchild-Florida Construction Company, 341 So.2d 759 (Fla.1976).
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and PETERSON, JJ., concur.