The Honorable Bruce H. Colton State Attorney, Nineteenth Judicial Circuit 411 South Second Street Fort Pierce, Florida 34950
Dear Mr. Colton:
You have asked for my opinion on substantially the following question:
Does the trial court's holding that section 395.3036, Florida Statutes, is unconstitutional, in Florida Health Sciences Centers, Inc. v. TribuneCompany,[1] which was affirmed without opinion by the Second District Court of Appeal, control outside the Second District?
Initially, I must advise you that this office, like the courts, must presume the validity of a statute until such time as a judicial resolution of the issue determines otherwise.[2] However, your question relates primarily to the precedential value of court opinions and this office may provide guidance on this matter.
Section 395.3036, Florida Statutes, was adopted in 1998 to make confidential the records and meetings of corporations that lease public hospitals or other public health care facilities.[3] The statute provides:
"The records of a private corporation that leases a public hospital . . are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution . . . when the public lessor complies with the public finance accountability provisions of s. 155.40(5) with respect to the transfer of any public funds to the private lessee and when the private lessee meets at least three of the five following criteria:
(1) The public lessor that owns the public hospital . . . was not the incorporator of the private corporation that leases the public hospital[.]
(2) The public lessor and the private lessee do not commingle any of their funds in any account maintained by either of them, other than the payment of the rent and administrative fees or the transfer of funds pursuant to subsection (2).
(3) Except as otherwise provided by law, the private lessee is not allowed to participate, except as a member of the public, in the decisionmaking process of the public lessor.
(4) The lease agreement does not expressly require the lessee to comply with the requirements of ss. 119.07(1) and 286.011.
(5) The public lessor is not entitled to receive any revenues from the lessee, except for rental or administrative fees due under the lease, and the lessor is not responsible for the debts or other obligations of the lessee."
As discussed in this opinion, this statute has been determined to be unconstitutional by two trial courts, both of which have concluded that it is overbroad.
In News-Journal Corporation v. Memorial Hospital-West Volusia, Inc.,[4]
the Fifth District Court of Appeal reviewed the test applied to the relationship between a hospital authority and the not-for-profit company that was leasing the public hospital's facilities.[5] The court recognized a distinction between a contract in which the private entity provides services to a public body and a contract in which the private entity provides services in place of the public entity. Relying on this analysis, the court concluded that the not-for-profit company was subject to the Public Records Law and the Government in the Sunshine Law.
The Florida Supreme Court reviewed the decision of the Fifth District Court of Appeal and was also asked to consider the application of the newly enacted section 395.3036, Florida Statutes.[6] In its opinion approving the appellate court's decision, the Florida Supreme Court confirmed the validity of the "totality of factors" test in determining whether a private party is "acting on behalf of" a public entity.[7]
Addressing section 395.3036, Florida Statutes, the Court rejected the retroactive application of the statute to the case under consideration and declined to address the facial constitutionality of the statute, allowing the issue to proceed through the circuit courts.
Following the Florida Supreme Court's decision, West Volusia, Inc., brought suit in circuit court requesting a determination of the constitutional validity of section 395.3036, Florida Statutes.[8] The court weighed the requirements of Article I, Section 24(c), Florida Constitution, and concluded that:
"Chapter 98-330, Laws of Florida (1998) (codified at s. 395.3036, Fla. Stat. (1999)) is unconstitutional on its face and void because it fails to satisfy the standards of Article I, section 24(c), Florida Constitution in that it does not state with specificity any public necessity justifying its exemption from the right of public access and that it is broader than necessary to accomplish any purpose that may be stated or implied therein."[9]
This decision was rendered in 2002 and has not been appealed.
Another circuit court has also addressed the constitutionality of section395.3036, Florida Statutes. In Florida Health Sciences Center, Inc., v.Tribune Company,[10] the circuit court for Hillsborough County concluded that section 395.3036, Florida Statutes, was unconstitutionally overbroad. In an opinion reviewing each of the elements in the "totality of factors" test and applying them to the Florida Health Sciences Center (Tampa General Hospital), the court demonstrated that the center was acting on behalf of the hospital authority and was, therefore, subject to Article I, Section 24(a) of the Florida Constitution and the statutory open government requirements. Florida Health Sciences Center argued that section 395.3036, Florida Statutes, exempted its meetings and records from public disclosure. While the court concluded that the exemption was not applicable to the corporation because the hospital lease in question did not meet the statutory requirements, it declared that "Section395.3036, F.S. is unavailable to FHSC and, to the extent that statute would exempt all FHSC's meetings and records from Article I, Section 24, of the Florida Constitution, said Statute is unconstitutionally over broad[.]"[11] This decision was appealed to the Second District, which affirmed it without issuing an opinion.[12] The Florida Supreme Court dismissed review.[13]
It is the rule in Florida that trial courts do not create precedent.[14]
Further, decisions that are affirmed without opinion have no precedential law value because the reasons for the affirmance cannot be determined.[15]
Thus, the opinion by the district court of appeal affirming the trial court's finding of the unconstitutionality of section 395.3036, Florida Statutes, disposes of the issue for purposes of the particular litigation, but does not establish any precedent that would control other cases.
I would note that, by its terms, section 395.3036, Florida Statutes, is only available to a private corporation if the corporation meets three of five statutorily prescribed criteria.[16] Pursuant to the statute, one of those criteria is that "[t]he lease agreement does not expressly require the lessee to comply with the requirements of ss. 119.07(1) and286.011."[17]
This office has previously been advised that the lease between the Indian River County Hospital District and Indian River Memorial Hospital, Inc., contains a provision requiring that the corporation comply with the Sunshine and Public Records Laws when engaged in the operation and management of the hospital.[18] However, a determination of whether Indian River Memorial Hospital, Inc., meets all the criteria established by the statute is a mixed question of law and fact which is the exclusive province of the judiciary.
In sum, it is my opinion that the trial court's holding in Florida HealthSciences Centers, Inc. v. Tribune Company, that section 395.3036, Florida Statutes, is unconstitutional, affirmed without opinion by the Second District Court of Appeal, is not controlling law in the Nineteenth Judicial Circuit.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] 785 So.2d 481 (Fla. 2d DCA 2001).
[2] Cf., Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951);Belk-James, Inc. v. Nuzum, 358 So.2d 174, 175 (Fla. 1978).
[3] See, Ch. 98-330, Laws of Florida. The statute was effective May 30, 1998.
[4] 695 So.2d 418 (Fla. 5th DCA 1997),
[5] The test employed was that developed in News and Sun-SentinelCompany v. Schwab, Twitty Hanser Architectural Group, Inc.,596 So.2d 1029 (Fla. 1992), which delineated a number of factors to be examined in making the determination of whether a private entity was subject to the public meetings law.
[6] Section 395.3036, Fla. Stat., was created by Ch. 98-330, Laws of Florida and became effective May 30, 1998.
[7] Supra n. 4.
[8] See, Memorial Hospital-West Volusia, Inc. v. News-Journal Corp.,
No. 99-30725-CICI (Fla. 7th Cir. Ct. Volusia County January 15, 2002) 30 Med. L. Rptr. 1300 (2002).
[9] Id. at 1308.
[10] Case No. 99-580 (Fla. 13th Cir. Ct., October 22, 1999).
[11] Id. at p. 3.
[12] Florida Health Sciences Center, Inc., v. Tribune Company,785 So.2d 481 (Fla. 2d DCA 2001).
[13] 790 So.2d 1103 (Fla. 2001).
[14] See, e.g., State v. Bamber, 592 So.2d 1129 (Fla. 2d DCA 1991),decision approved 630 So.2d 1048 (Fla. 1994); Wood v. Fraser, 677 So.2d 15
(Fla. 2d DCA 1996).
[15] See, e.g., Dobrow v. Bryant, 427 So.2d 809 (Fla. 5th DCA 1983);State Commission on Ethics v. Sullivan, 430 So.2d 928 (Fla. 1st DCA 1983), pet. for rev. den., 436 So.2d 101 (Fla. 1983); Terry v. State,467 So.2d 761 (Fla. 4th DCA 1985). pet. for rev. den., 476 So.2d 675
(Fla. 1985).
[16] To qualify for the exemption in section 395.3036, Florida Statutes, the public lessor must comply with section 155.40(5), Fla. Stat., and must meet three of the following five criteria:
"(1) The public lessor that owns the public hospital . . . was not the incorporator of the private corporation that leases the public hospital[.]
(2) The public lessor and the private lessee do not commingle any of their funds in any account maintained by either of them, other than the payment of the rent and administrative fees or the transfer of funds pursuant to subsection (2).
(3) Except as otherwise provided by law, the private lessee is not allowed to participate, except as a member of the public, in the decisionmaking process of the public lessor.
(4) The lease agreement does not expressly require the lessee to comply with the requirements of ss. 119.07(1) and 286.011.
(5) The public lessor is not entitled to receive any revenues from the lessee, except for rental or administrative fees due under the lease, and the lessor is not responsible for the debts or other obligations of the lessee."
[17] Section 395.3036(4), Fla. Stat.
[18] See, Ops. Att'y Gen. Fla. 91-99 (1991) and 98-21 (1998).