997 So.2d 433 (2008)
CIVIX SUNRISE, GC, L.L.C., a Florida limited liability company, Appellant,
v.
SUNRISE ROAD MAINTENANCE ASSOCIATION, INC., a Florida not-for-profit corporation, Sunrise Golf Club Condominium Association, Inc., a Florida not-for-profit corporation, The Homeowners Association of the Sunrise Golf Club Estates, Inc., a Florida not-for-profit corporation, SVC I, Inc., a Florida not-for-profit corporation, Westwoods at Sunrise Country Club Section 2 Condominium Association, Inc., a Florida not-for-profit corporation, Ronald L. Stonebreaker, individually, and Constance E. Stonebreaker, individually, Appellees.
No. 2D07-639.
District Court of Appeal of Florida, Second District.
October 31, 2008.
Rehearing Denied January 8, 2009.
James E. Walson, Shawn G. Rader, and Gregory S. Slemp, of Lowndes, Drosdick, *434 Doster, Kantor & Reed, P.A., Orlando, for Appellant.
Thomas D. Shults and Zachary L. Ross of Kirk-Pinkerton, P.A., Sarasota, for Appellees.
KELLY, Judge.
Civix Sunrise, GC, L.L.C. ("Civix"), appeals an amended final judgment and challenges the trial court's award of attorney's fees to the appellees pursuant to an attorney's fee provision in a lease. We agree with Civix that because the appellees were not parties to the lease, they were not entitled to recover attorney's fees under its attorney's fee provision notwithstanding their status as third-party beneficiaries under other provisions of the lease. Accordingly, we reverse.
Civix purchased property that was the subject of a ninety-nine-year lease that was executed in 1972. Among other things, the lease required the lessee to operate a golf course on the property and provided that the lessee would sell a specified number of memberships in any golf or country club to the residents of property adjoining the golf course. In the years after the lease was executed, the adjoining property was developed and the residents formed various homeowner and condominium associations. After Civix bought the property, stopped operating the golf course, and announced its plans to develop the property, those associations sued Civix to prevent it from developing the property.
Those associations, who are the appellees here, asserted a variety of claims against Civix; however, they ultimately prevailed only on their claim for declaratory relief. Specifically, they sought and obtained a declaration that the lease had not been extinguished by merger and thus continued to be an encumbrance on the property and that they were the intended beneficiaries of the following paragraphs of the 1972 lease: paragraph 3, which provides that the lessee shall operate a golf course on the property until 2022; paragraph 13, which provides for the sale of a specified number of memberships to residents, tenants or guests of the adjoining property; and paragraph 14, which provides that the golf course will operate continuously until 2022.[1]
Having succeeded on this claim, the appellees then sought an award of attorney's fees under paragraph 20 of the lease which states, "[a]ny party failing to comply with the terms of this lease agreement shall pay all expenses, including a reasonable attorneys' fee, incurred by the other party argued that the appellees were not entitled to an award of attorney's fees because paragraph 20 limited an award of fees to the parties to the lease. The trial court found that because the appellees prevailed on their claim under the lease as intended third-party beneficiaries, they were entitled to an award of fees. Civix argues that the award of fees to the appellees was error.
"In general, attorney's fees are not recoverable unless a statute or a contract specifically authorizes their recovery, or unless equity allows attorneys' fees from a fund or estate which has been benefitted by the rendering of legal services." Hampton's Estate v. Fairchild-Florida Const. Co., 341 So.2d 759, 761 (Fla.1976) (citations omitted). Here, the appellees claim they are entitled to an *435 award of fees pursuant to a contract. When entitlement to attorney's fees is based on the interpretation of a contractual provision, it presents a question of law which this court reviews de novo. Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000).
To be enforceable, an agreement providing for the award of attorney's fees must be clear and specific. Sholkoff v. Boca Raton Cmty. Hosp., Inc., 693 So.2d 1114, 1118 (Fla. 4th DCA 1997). An agreement for one party to pay another party's attorney's fees must unambiguously state that intention. Id. Read in context, the term "party" in paragraph 20 of the lease unambiguously refers only to the two signatory parties to the lease. Because the appellees were not signatory parties to the lease, they are not entitled to recover their attorney's fees under paragraph 20. See Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528, 529 (Fla. 4th DCA 1975) (finding that when read in the context of the entire contract, a provision stating that "a prevailing party" in "any litigation arising out of the contract" contemplated a formal party to the contract, not a third-party beneficiary).
Contrary to the appellees' contention, their status as third-party beneficiaries under paragraphs 3, 13, and 14 does not automatically entitle them to claim fees under paragraph 20. See Wilder v. Wright, 278 So.2d 1, 3 (Fla.1973) (explaining that extending third-party beneficiary status to an injured party seeking the payment of damages under a liability insurance contract did not mean that the injured party could enforce "any and every" provision of the insurance contract, but rather that they could enforce provisions that were intended to inure to their benefit); Vogel Bros. Bldg. Co. v. Scarborough Constructors, Inc., 513 So.2d 260 (Fla. 2d DCA 1987) (concluding that a third party could not invoke the arbitration provision of a contract where the record did not suggest that the contracting parties intended it to benefit from the arbitration provision). While the appellees established that they were the intended beneficiaries of the lessee's promise to operate a golf course, nothing in the lease indicates the parties intended for them to benefit from, or for that matter be subject to, the attorney's fee provision. See Restatement (Second) of Contracts § 302 (1981) ("[A] beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."). Accordingly, we reverse the award of attorney's fees in the amended final judgment.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.
NOTES
[1] Civix challenged the determination that the appellees were intended third-party beneficiaries under the lease, and this court affirmed the final judgment without opinion in Civix Sunrise, GC, L.L.C. v. Sunrise Road Maintenance Association, 976 So.2d 1102 (Fla. 2d DCA 2007) (table decision). Accordingly, the appellees' status is not at issue in this appeal.