LEBAN, Senior Judge.
*747 It is well-settled that attorney's fees are not recoverable absent a statute or a contract that specifically authorizes their recovery. See Hampton v. Fairchild-Florida Constr. Co., 341 So. 2d 759 (Fla. 1976) ; see also Civix Sunrise, GC, LLC v. Sunrise Road Maint. Assn, Inc., 997 So. 2d 433 (Fla. 2d DCA 2009).
Appellant herein, Erorentals, LLC T/A Trump 2208 ("Erorentals"), sued the appellee, Qofa Yu, in tort. The record is devoid of any contract between the parties and the pleadings include no such claim. The record reflects, and Qofa concedes, that he never sought attorney's fees as a sanction[1] under Section 57.105(1), Florida Statutes. There is similarly no proposal for settlement or offer of judgment of record. Lastly, and most importantly, Qofa presents no support for his argument that attorney's fees are warranted under section 57.105 (7). Subpart (7) applies specifically to contracts with unilateral fee provisions. Because no such contract exists here, subpart (7) is inapplicable.
Consistent with the above, we reverse the trial court's order to the extent that it awards attorney's fees.

Qofa likewise concedes that the trial court made no findings under Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), which outlines the six factors used to determine whether sanctions are warranted.