# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1088
Lower Tribunal No. 15-2157
_____

**41 Acquisition Holdings, LLC,**
Appellant,

vs.

**Ann Schraedel Haff,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Armstrong Teasdale, LLP and Glen H. Waldman and Marlon Weiss, for appellant.

Barakat + Bossa PLLC and Brian Barakat, for appellee.

Before FERNANDEZ, C.J., and HENDON and LOBREE, JJ.

LOBREE, J.

41 Acquisition Holdings, LLC ("41 Acquisition") appeals from the trial

court's order granting Ann Schraedel Haff's motion for reconsideration and reversing its prior award of attorney's fees to 41 Acquisition based on a settlement agreement. Because we agree with the trial court that the attorney's fees provision contained in the parties' settlement agreement did not unambiguously state the parties' intention that the prevailing party recover attorney's fees on the matter at issue, we affirm.

## BACKGROUND

This appeal arises out of a probate dispute relating to the disposition of a fifty percent interest in an estate's real property between the decedent's son and sole beneficiary, John Schraedel, and the decedent's sister and co-owner of the property, Ann Schraedel Haff. 41 Acquisition subsequently purchased Schraedel's fifty percent interest in the property and negotiated a buyout of Haff's fifty percent interest. The parties arrived at a mediated settlement agreement that provided for a buyout of Haff's share of the property with closing to occur within sixty days of the execution of the settlement documents. In exchange, 41 Acquisition agreed to allow Haff to continue to occupy an apartment within the property rent free for three years while she continued to manage the property, and to pay her $36,000 per year to do so.

The settlement agreement also included a provision for attorney's fees

2

resulting from any breach of the agreement, which is the subject of this appeal. The provision reads:

> The court shall retain jurisdiction to enforce this agreement and, an enforcement action or motion, if any, shall be made by the party claiming a breach against the party alleged to have committed the breach and shall not affect any party who is not alleged to have breach this agreement and the prevailing party in any enforcement action at all levels including all reasonable attorneys fees and costs at all levels, trial and appellate.

41 Acquisition alleged that Haff breached the agreement almost immediately by failing to execute the necessary documents or otherwise proceed toward closing within the sixty-day period as required. This led 41 Acquisition to move the trial court to compel compliance with the settlement agreement and compel closing of sale. Haff moved to set aside the settlement agreement, alleging incapacity at the time of its entry and undue influence by her attorney. Thereafter, 41 Acquisition sought compensation for attorney's fees as the prevailing party on Haff's motion to set aside the agreement, arguing it was entitled to its reasonable attorney's fees and costs incurred in compelling adherence with the settlement agreement. The trial court initially granted 41 Acquisition's motion for fees but later granted Haff's motion for reconsideration, reversing the prior ruling and denying 41 Acquisition's entitlement to fees. The trial court held that the agreement did not unambiguously state the intention for recovery to the prevailing party on a

3

motion to set aside the settlement agreement.

## ANALYSIS

A trial court's ruling on a motion for attorney's fees "is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So. 2d 248, 250 (Fla. 1992). However, where that ruling relies upon the interpretation of contractual provisions, the standard of review is de novo. Fallstaff Grp., Inc. v. MPA Brickell Key, LLC, 143 So. 3d 1139, 1142–43 (Fla. 3d DCA 2014).

Where an agreement is clear and unambiguous, a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties. Richardson v. Well States Healthcare, 346 So. 3d 197 (Fla. 3d DCA 2022). A contract is ambiguous when its language is reasonably susceptible to more than one interpretation. Beach Towing Serv.'s, Inc. v. Sunset Land Assoc.'s, LLC, 278 So. 3d 857, 863 (Fla. 3d DCA 2019).

Under the American Rule, attorney's fees generally are not recoverable unless a statute or a contract specifically authorizes their recovery. See Diaz v. Kasinsky, 306 So. 3d 1065, 1067 (Fla. 3d DCA 2020). An agreement providing for the award of attorney's fees must be clear,

4

specific, and unambiguous to be enforceable.  See Civix Sunrise, GC, LLC v. Sunrise Road Maint. Ass'n, Inc., 997 So. 2d 433, 435 (Fla. 2d DCA 2008). Further, the agreement must clearly identify the matter in which the fees are recoverable. Toyota Motor Credit Corp. v. Dollar Enter.'s, Inc., 702 So. 2d 1319, 1320 (Fla. 3d DCA 1997).

Here, while the settlement agreement contains a provision for attorney's fees, it is far from clear and unambiguous.  Both parties acknowledge that the provision is "missing a verb."  Further, the attorney's fees clause commingles several separate objectives into one clause and lacks language directing an award of fees for prevailing on a motion to set aside the agreement.  As a result, we cannot determine the intention of the parties without rewriting the agreement.  Accordingly, the trial court did not abuse its discretion in denying 41 Acquisition's motion for attorney's fees.

Affirmed.